JOHN G. PUTNAM AND T. N. STEVENS, Defendants in Error, *v.* DANIEL ROSS, J. C. MEDSKER, AND J. H. ARDINGER, Plaintiffs in Error.

1. *Mechanics' liens — Act not to be construed strictissimi juris, but so as to secure substantial justice.*—In suit on a mechanic's lien by the sub-contractor against the owner of the premises, plaintiff's notice of lien gave the name of his real debtor, but coupled with it that of a third party who was not liable. *Held,* that if defendant was not misled to his injury by the mistake, the error would not vitiate the lien, and that, in the absence of proof, no presumption would arise that defendant was so misled. The theory that the mechanics' lien act is in derogation of the common law, and should therefore be construed strictly as against those seeking to avail themselves of its benefits, is not supported by the better decisions, which hold that its provisions should be so interpreted as to secure the classes of persons named in the act, on their complying substantially and in good faith with its provisions

### Error to First District Court.

*Twiss & Medsker*, for plaintiffs in error, urged among others the following points:

I. The statute creating the lien is in derogation of the common law, and must be strictly complied with by every person who asserts a claim of right under it. "And any ambiguity in any proceeding necessary on the part of the party seeking to enforce the lien, must operate against the party making it." (Wade v. Rutz, 18 Ind. 307; Lynch v. Cronan, 6 Gray, 531; Schulenberger v. Bascom, 38 Mo. 188.)

II. Plaintiffs allege the giving of notice of debt due from Daniel Ross, and attempt to support this allegation by proof of notice of debt due from a copartnership known by the name and style of Messrs. Ross & Shane. (Russell v. Bell, 44 Penn. 47.) Ross and Shane had formerly been partners, but had dissolved, and Shane had nothing to do with the transaction. The suit was not against Shane at all, and plaintiffs had no cause of action against him. (Hauptman v. Catlin, 3 E. D. Smith, 666; Tibbetts v. Moore, 23 Cal. 208; Peck and Wife v. Hensley, 21 Ind. 344.)

*A. A. Tomlinson,* and *Ewing & Smith*, for defendants in error.

CURRIER, Judge, delivered the opinion of the court.

This suit was brought to enforce a mechanic's lien for material furnished by the plaintiffs to the original contractor. In giving the owners notice of their claim, the plaintiffs stated the indebtedness to be due from "Ross & Shane, contractors." It turned out that the claim was against Ross alone, his former partner, Shane, having no interest in the transaction. The defendants insist that the error in the notice is fatal to the plaintiffs' lien. Whether or not it is so, is the question for determination.

The defendants' view seems to be founded upon the theory that the mechanics' lien enactment is in derogation of the common law, and that its provisions are therefore to be construed with a rigid strictness against those who seek to avail themselves of its intended benefits. There may be decisions which lend support to that theory, but the better opinion is that the provisions of the mechanics' lien law should be interpreted so as to carry out the object had in view by the Legislature in enacting it, namely: the security of the classes· of persons named in the act, upon its provisions being in good faith substantially complied with on their part. It has become the settled policy of this State, as in most if not all the States, to secure mechanics and material-men by giving them a lien upon the property they have contributed to improve or create. The law itself has grown up from small beginnings to its present unquestioned importance. And the whole course of legislation on the subject shows that it has been the intention of the Legislature to avoid unfriendly strictness and mere technicality.

The spirit and purpose of the law is to do substantial justice to all parties who may be affected by its provisions. It has therefore been enacted (Gen. Stat. 1865, p. 911, § 19) that when a party who deals with the principal contractor, and not directly with the owner, wishes to avail himself of the benefits of the enactment, he shall notify the owner, ten days in advance of filing the lien, of his purpose to do so, stating in the notice the amount of his claim, and "from whom it is due." The plaintiffs sought to comply with that requirement, but failed to state

with precision who was their debtor, giving the name of a business firm, instead of the name of the party who had been the senior member of that firm. He gave the name of his real debtor, but erroneously coupled with it the name of a third party who was not liable. Were the defendants misled to their injury by this mistake? If so, they ought not to suffer in consescquence of the plaintiffs' inadvertence. But there is no probability that they were harmed by the error. At all events, it is not to be so presumed in the absence of evidence. If the error wrought the defendants any harm, it can not be difficult for them to show it; but they aver nothing and prove nothing in that direction. Their objections rest on purely technical and over-critical grounds.

Substantially the same point was raised in Tibbetts v. Moore, 23 Cal. 208, where it was held that a notice which stated that the materials were furnished to "Moore & Co." was sufficient, although the materials were in fact furnished to Moore alone. So, in Hauptman v. Catlin, 3 E. D. Smith, 666, it was held that where a notice stated a claim against A. and B., his wife, upon a contract with A. alone, and the contract was in fact made with the husband, acting merely as the agent of his wife, the notice was nevertheless good.

I am of the opinion that the notice under consideration should have been received in evidence, and consequently that the judgment of the District Court, reversing that of the Common Pleas, ought to be affirmed. Judge Bliss concurs; Judge Wagner not sitting.