## HARMON v. SAN FRANCISCO & S. R. R. CO.*

### No. 12,017; May 3, 1890.

#### 23 Pac. 1024.

**Mechanic's Lien.**—A Claim of Lien Filed by a Materialman against a railway company for materials furnished a contractor and his assignee, who assumed all liabilities, although it omits to show the proportion of materials furnished to each, is sufficient, under Code of Civil Procedure, section 1187, requiring that the claim state the name of the person to whom the materials were furnished. Distinguishing Hardware Co. v. Railroad Co., 22 Pac. 406.

**Mechanic's Lien.**—The Fact That a Claim of Lien Filed by a materialman includes more than is due him, if the error is without fraud, will not defeat his right to recover.

APPEAL from Superior Court, Marin County; E. B. Mahon, Judge.

On rehearing. For former report, see ante, p. 144, 22 Pac. 407.

J. H. Boalt, H. A. Powell and Hepburn Wilkins for appellant; Hanlon & Lippitt, O. P. Evans and Lloyd & Wood for respondent.

---

*For subsequent opinion in bank, see 86 Cal. 617, 25 Pac. 124.

PATERSON, J.—This cause was heard in department 1, and the judgment and order were affirmed October 4, 1889, on the authority of Gordon Hardware Co. v. Railroad Co., ante, p. 140, 22 Pac. 406 (filed on that day). By consent of counsel for the respective parties the court below, before the trial of either cause, made an order that the two actions be consolidated. When the cases were considered by this court it was assumed that the record in this case was substantially the same as the record in No. 12,030; but our attention was called to the fact in the petition for a hearing before the court in bank, and at the argument, that this assumption was not correct. The record in this case differs from the other in two material respects: In this case the evidence shows that "the work on the contract was completed on June 2, 1884." There is nothing in this record to the contrary, and we cannot, as claimed by respondent, look at any evidence in the other record to explain or contradict this testimony. Second. The description of the materials furnished in the other case was "nails, spikes, iron, steel, picks, shovels, and other like material." In this case the materials furnished are described as "lumber, timber and logging, and other like material." The first description given above was held not good because too indefinite and uncertain, part of the materials described being property for which no lien could be maintained. The case of Malone v. Big Flat Min. Co.. 76 Cal. 578, 18 Pac. 772, was relied on as authority for the contention that, although the claim of lien was in part for articles not the subject of lien, the court should permit the party by proof to make the necessary segregation, throw out the value of such articles, and declare a lien for the balance. In that case there were as many claims as there are letters in the alphabet (Exhibits A to Z, Vol. XLV, .1888, Supreme Court Records, pp. 38–120), all of which were assigned to the plaintiff; and, of course, the fact that one of them was for materials not the subject of lien did not prevent a recovery of the others, which were good.

Respondent claims that the claim filed by plaintiff, and upon which this action is based, must have included material for which no lien could be maintained, because the plaintiff testified that of the lumber he furnished "there was used

$1,159.13 worth in the building of temporary houses,'' and $577 paid on the lumber for freight and cartage. It does not clearly appear whether there was extra material included in the claim of lien, or an erroneous statement as to the value; and, as the claim filed contained no articles except such as are the subject of lien, we cannot say that a lien for so much lumber, etc., as was actually used in the construction of the road, should be defeated by reason of this testimony. As was said in the former opinion, the bare fact that he had filed his lien for too much lumber, or set too high a price on it, would not, in the absence of fraud, defeat his right to recover.

In Hardware Co. v. Railroad Co., the department held that the failure to designate what portion of the materials were furnished to each of the contractors was fatal to the lien. Whatever may be the rule in ordinary cases where the materialman furnishes materials to several independent contractors, we do not think it was necessary for the plaintiff to segregate the amounts in the claim which he filed. Hawley was the only person with whom the company had to settle. The latter was liable only for the balance of the contract price held by it. It was in no way interested in the question how much had been furnished McDonald before the assignment. Hawley had simply stepped into McDonald's shoes, with the knowledge and consent of the company, and had assumed all liabilities. There was but one contract on the part of the defendant. On final settlement, McDonald was entitled to nothing, and we are unable to see how the company could be prejudiced by the failure to designate the amount furnished to each. No question of priority is involved herein. Where a statute required a claimant to state from whom the debt was due, it was held that a mistake in the name of the contractor would not defeat the lien if it appeared that the owner was not harmed by the error: Putnam v. Ross, 46 Mo. 337. In the case at bar the proof does segregate the amounts furnished to Hawley from that which was furnished to McDonald; so that no injury could possibly occur. In the Gordon case this was not done. In view of the facts stated, we think that the court ought not to have rejected the notice of lien. We have examined other points made by respondent, but we do not think the objections raised are

well taken. If the facts shown by the evidence of the plaintiff are true, he is entitled to have his lien declared good, at least, to an amount not exceeding the amount of the contract price in the hands of the company at the time the notice of lien was filed. Judgment and order reversed and cause remanded for a new trial.

We concur: Beatty, C. J.; Sharpstein, J.; Fox, J.; McFarland, J.; Thornton, J.