## THE FIRST PRESBYTERIAN CHURCH OF HUTCHINSON v. L. P. SANTY & CO. *et al.*

1. CHURCH BUILDING—*Mechanic's Lien—Statement of Claim.* Where statements claiming liens on a church building were filed by subcontractors within 60 days after the completion of the building, *held,* that such statements were filed in time, and that an understanding between the contractor and the majority of the trustees of the church, that it should be accepted as completed at a date before it was so in fact, is not conclusive on the question of the time of completion, as against the subcontractors.

2. —————— *Application of Payment.* A party paying money to his creditor may direct its appropriation. If he fails to do so, the creditor may apply it on such part of the payer's mature indebtedness to him as he sees fit.

3. STATEMENT, *Sufficient—Subcontractor's Lien.* Where materials are furnished by a subcontractor to the head of a firm having the contract for the erection of a building, and, in his statement for a lien, such subcontractor names only the individual member with whom he dealt as the contractor, and where there is nothing to indicate that the owner was misled or injured by the failure of the subcontractor to correctly state the firm name of the contractors, such subcontractor's lien will not be declared invalid because of such error.

4. EVIDENCE *Supports Finding. Held,* That the finding of the trial court as to the amount due S. & Co. for stone furnished is supported by the evidence.

### *Error from Reno District Court.*

ACTION by the *Hutchinson Hardware Company* against the *First Presbyterian Church of Hutchinson* and others to enforce a mechanic's lien. From the judgment rendered at the March term, 1889, the defendant church brings the case to this court.

*Whiteside & Gleason,* for plaintiff in error.

*F. F. Prigg,* for defendant in error the Hutchinson Hardware Company.

*W. H. Crawford,* for defendants in error L. P. Santy & Co. and Swift, Mankoff & Congdon.

The opinion of the court was delivered by

ALLEN, J.: The Hutchinson Hardware Company brought suit against the First Presbyterian Church to foreclose a mechanic's lien, making other persons, who also claimed liens, parties defendant. Thompson, Hanna & Co. erected a church building as contractors for plaintiff in error. The Hutchinson Hardware Company furnished hardware to Thompson, Hanna & Co. under a subcontract. Santy & Co. furnished stone. Swift, Mankoff & Congdon furnished galvanized iron cornice. The case was tried by the court without a jury, and judgment rendered in favor of each of the subcontractors before named.

The principal complaint made by the plaintiff in error is, that the statements were not filed by the subcontractors within 60 days after the completion of the church. It is strenuously contended that the trustees of the church inspected it in company with the original contractor on the 20th day of February, and accepted the work as completed; that the date of completion is fixed by that action of the parties; that the record shows that the work was taken off the hands of the contractors on the 21st day of February, 1888; that inasmuch as the statements were not filed within 60 days from that time, they were too late, and the subcontractors' liens were lost. There was evidence showing an inspection of the building by a majority of the trustees at the date named, and that the trustees present expressed their willingness to accept the church as it then was, though it was then claimed by the trustees that there were some little things not just as they should have been. On the other hand, there was evidence showing that work was done by various parties on the building thereafter. The last work performed under the original contract shown by the testimony was a little painting by the witness Barnes, who was employed by Rice & Morehouse, subcontractors for the painting. Barnes testified that the last work was done on or about the 4th of April. Some work had been done fixing doors and the ironwork on the ridgepole

between the time when it is claimed the church was accepted
as completed and the 4th of April.   The trial court found
that the building was completed after the 1st and before the
7th day of April, 1888.   All the statements were filed within
60 days after the 1st of April, and were held to have been

1. Church build-
ing—mechanic's
lien—state-
ment of claim.
filed in time.   The question as to the time of the
completion of the church building is a question
of fact.   The trial court has found in favor of
the parties claiming liens.   This finding is sup-
ported by competent evidence, and is therefore conclusive of
the question.

In the statement filed by the Hutchinson Hardware Com-
pany, the trustees are named as the owners of the building,
and George E. Thompson, one of the contractors, alone is
named as the contractor.   It is urged that this is insufficient;
that the church corporation should have been named as the
owner, and the firm name of Thompson, Hanna & Co. should
have been given as the contractors.   Section 3, article 12, of
the constitution, reads: "The title to all property of religious
corporations shall vest in trustees, whose election shall be by
the members of such corporation."   In the statement, five
persons are named as trustees of the First Presbyterian
Church of Hutchinson.   As the legal title to the property,
under the constitutional provision, is vested in the trustees,
and, as they were named, not as individuals, but as trustees
of the church corporation, the statement is clearly sufficient
in that respect.   George Thompson, one of the firm of
Thompson, Hanna & Co., is alone named as the contractor.
It appears that the materials furnished by the hardware com-
pany were in fact sold and charged to Thompson, but were
so sold to be used in the erection of the church building, and
the items charged were entered on the daybook as for the
church.   Thompson, alone, was not the contractor, but he was
the head of the firm who were the contractors.   He, in fact,
bought all of the hardware from the company for the pur-
pose of using it in the erection of the building.   It was so used.
The plaintiff in error had the full benefit of it, and unless the

defendants in error have failed to comply substantially with the law, they should be protected in their lien. The object of naming the contractor would seem to be to apprise the owner and other persons by what authority and under whom the subcontractor claims a right to his lien. Now, it might happen, doubtless often does, that subcontractors are not informed as to the names of all persons interested in the original contract and the firm name in which the contract is taken. It would not be just, nor does the spirit of the statute require, that subcontractors should be defeated 3. Statement of their liens if they make a mistake by incorrectly naming the original contractors, where the name is given of the contractor with whom they dealt, and who was, in fact, in charge of the work of erecting the building as a contractor. (*Tibbetts v. Moore*, 23 Cal. 208; *Davis v. Livingston*, 29 id. 283; *Putnam v. Ross*, 46 Mo. 337; *Brown v. Welch*, 12 Hun, 582.)

It appears in the evidence that the trustees paid Thompson money on his work, and out of this he paid the hardware company $200, which was more than the total amount of the materials furnished by it for the church building. Nothing was said by Thompson when the payment was made as to where the money came from, nor was any direction given by the trustees or by Thompson as to its application. The hardware company gave credit to Thompson on its general account against him, and it is contended that this should be held to be a payment of this particular bill. The facts disclosed merely show that the trustees made Thompson a payment on his contract, which, for anything that appears, he was free to use as he pleased — to pay to the hardware company, or anyone else he saw fit. He in fact applied $200 of it toward the payment of his indebtedness to the hardware company. 2. Application of payment. It is well settled, that where the debtor fails to direct the appropriation of a payment the creditor has the right to make it. (*King v. Sutton*, 42 Kas. 600.) This disposes of all question affecting the claim of the hardware company.

With reference to the claim of Santy & Co., the only question other than that as to the time of filing the statement is as to the amount allowed them. It appears that Santy & Co. furnished Thompson, Hanna & Co. stone for the building, amounting to $1,096.81, and received in payments thereon $832.08. It appears from the evidence that some of the stone so furnished was diverted from its intended use, and sold to other parties or used in the erection of other buildings. The court found the value of the stone so diverted to be not more than $130, and allowed Santy & Co. a lien for the balance only. The evidence amply sustains the finding of the court upholding Santy & Co.'s lien for the sum of $134. It is at least very questionable whether, under the evidence, the court would not have been warranted in sustaining their claim for the whole amount, but as Santy & Co. make no complaint, we are not required to examine that question.

As to the claim of Swift, Mankoff & Congdon, the sole question raised is as to whether the statement was filed in time? That branch of the case, therefore, needs no further comment. It is not necessary for us to consider the effect of work done by a contractor or subcontractor after the completion of the building merely for the purpose of extending the time for filing his lien, on which counsel for plain-

4. Evidence supports finding. tiff in error cites authorities. We think no such question is presented by the record; that the court fairly considered the evidence offered, and that its finding is supported by competent testimony.

The comments of counsel on the probability of the statements of a witness, and their suggestions of untruthfulness, might be considered by the trial court, but are altogether out of place here.

We perceive no error in the record, and the judgment is affirmed.

All the Justices concurring.