H. F. CADY LUMBER COMPANY, APPELLEE, v. PETER M. CONKLING ET AL., APPELLANTS.

FILED JANUARY 21, 1904. No. 13,322.

1. **Mechanic's Lien: SUBCONTRACTOR.** Where materials are fuurnished by a subcontractor to the head of a firm having the contract for the erection of a building, and in its statement for a lien such subcontractor names only the individual member of the firm with which it dealt as the contractor, and where there is nothing to indicate that the owner or other parties claiming liens on the premises were misled or injured by the failure of the subcontractor to correctly state the firm name of the contractors, such subcontractor's lien will not be held invalid because of such **error.**

2. **Pleading.** A subcontractor's petition to foreclose a mechanic's lien need not allege that there is anything due from the owner to the original contractor.

APPEAL from the district court for Douglas county: GUY R. C. READ, JUDGE. *Affirmed.*

*T. B. Dysart* and *Charles S. Lobingier,* for appellants.

*Baldrige & De Bord,* contra.

DUFFIE, C.

Z. Taylor Turner and son are partners and contractors residing in the city of Omaha. In 1901 said partnership of Turner & Son entered into a contract with Peter M. Conkling to erect a dwelling house on lot 14, block 3, in Bemis Park, an addition to the city of Omaha. The H. F. Cady Lumber Company furnished certain material entering into the construction of said dwelling house, and on November 7, 1901, and within 60 days from the time of furnishing the last of said material, made out an account in writing of the material so furnished and, after making oath thereto, filed the same in the office of the register of deeds of Douglas county, Nebraska, claiming a mechanic's lien for the amount then due said company. The material was ordered by Z. Taylor Turner, and the account made out, verified and filed in the office of the register of deeds was an account against Z. Taylor Turner individually. The amount due on said account not being paid, the appellee commenced this action May 7, 1902, to establish and foreclose its mechanic's lien. On the trial it developed that Conkling's contract for the erection of the dwelling house was made with the firm of Z. Taylor Turner & Son, and it is now insisted that the sale of the materials having been made to Z. Taylor Turner and the account made out in that form, that the appellee is not entitled to a lien upon the premises. During the progress of the trial, and upon it becoming known that Conkling's contract was with the partnership and not with Z. Taylor Turner, the plain-

tiff obtained leave to amend its petition and inserted therein the following allegation: "That on or about the 27th day of May, 1901, the defendant Conkling entered into a contract with Z. Taylor Turner & Son for the construction of a frame building, as specified above, upon the premises above named; and Turner, being the head of the firm of Z. Taylor Turner & Son, which said firm was composed of the said Z. Taylor Turner and son, Archie Turner, contracted for and on behalf of the said Z. Taylor Turner & Son that the plaintiff should furnish to them, for the construction of the said building, lumber and mill work used in the construction thereof; that in pursuance of said contract the plaintiff did, at the times mentioned heretofore in his petition and in the amount heretofore stated, furnish said material as aforesaid. The plaintiff had no knowledge before the trial of this cause that said contract was with Z. Taylor Turner & Son. Plaintiff was informed by Z. Taylor Turner, the head of said firm of Z. Taylor Turner & Son, that he, the said Z. Taylor Turner, had a contract with the owner of the premises, Peter M. Conkling, for the construction of said building, and the other member of the said firm, Archie Turner, and the said Peter M. Conkling, owner of the said premises, knew at and before this plaintiff had furnished said material that the plaintiff understood and believed that the said Conkling's contract was with the said Z. Taylor Turner, and they, and each of them, failed and neglected to disclose to this plaintiff that the contract on behalf of the said Conkling was with Z. Taylor Turner & Son, and permitted this plaintiff to furnish said material resting in such belief." Plaintiff was allowed to make the partnership of Z. Taylor Turner & Son parties defendant, and said partnership appeared and consented to be made parties without issue and service of summons. Judgment went in favor of the plaintiff and appellee for the amount of its claim, which was declared a first lien upon the premises. A mortgage held by the defendant James W. Davis was made a second lien, and a mortgage held by the Payne-Knox

Company was established as a third lien thereon. The question principally discussed is whether the affidavit and claim for a lien, filed by the Cady company, were sufficient under our statute to entitle the appellee to a mechanic's lien upon the premises. Section 2 of our mechanic's lien law (art. 1, ch. 54, Compiled Statutes; Annotated Statutes, 7101) provides as follows:

"Any person or subcontractor who shall perform any labor for, or furnish any material or machinery or fixtures for any of the purposes mentioned in the first section of this act, to the contractor or any subcontractor who shall desire to secure a lien upon any of the structures mentioned in said section, may file a sworn statement of the amount due him or them from such contractor or subcontractor for such labor or material, machinery or fixtures, together with a description of the land upon which the same were done or used within sixty days from the performing of such labor or furnishing such material, machinery or fixtures, with the register of deeds of the county wherein said land is situated."

This clearly contemplates that the statement and affidavit shall show to whom the material, machinery or labor was furnished, and the question is: Does a statement and affidavit showing material furnished to one member of a partnership, where the contract of the owner runs to the partnership itself, come within the provisions of our statute so as to entitle the claimant to a mechanic's lien? This question was before the supreme court of Kansas in *Presbyterian Church of Hutchinson v. Santy & Co.*, 52 Kan. 462. In that case Thompson, Hanna & Co. had the contract for erecting the church, but the account filed ran against George E. Thompson individually. The court said:

"It appears that the materials furnished by the hardware company were in fact sold and charged to Thompson, but were so sold to be used in the erection of the church building, and the items charged were entered on the daybook as for the church. Thompson, alone, was not the

contractor, but he was the head of the firm who were the contractors. He, in fact, bought all the hardware from the company for the purpose of using it in the erection of the building. It was so used. The plaintiff in error had the full benefit of it, and unless the defendants in error have failed to comply substantially with the law, they should be protected in their lien. The object of naming the contractor would seem to be to apprise the owner and other persons by what authority and under whom the subcontractor claims a right to his lien. Now, it might happen, doubtless often does, that subcontractors are not informed as to the names of all persons interested in the original contract and the firm name in which the contract is taken. It would not be just, nor does the spirit of the statute require, that subcontractors should be defeated of their liens if they make a mistake by incorrectly naming the original contractors, where the name is given of the contractor with whom they dealt, and he was, in fact, in charge of the work of erecting the buliding as a contractor." Citing *Tibbetts v. Moore,* 23 Cal. 208; *Davis v. Livingstone,* 29 Cal. 283; *Putnam v. Ross,* 46 Mo. 337. To the same effect is *McDonald v. Backus,* 45 Cal. 262.

It is further objected that the petition does not state a cause of action because it fails to allege that any amount was due from Conkling to the contractors. Whether it would be a defense by the owner of the property to allege and show that at the time the lien was filed nothing was due from him to the contractor is not a question necessary to be discussed in this case. If a defense, it is an affirmative defense which must be alleged and proved by the owner of the building. The law presumes that the owner will withhold from the contractor an amount sufficient to pay laborers and subcontractors, and they need not allege in their petition to foreclose their lien that an amount sufficient to pay them is still in the hands of the owner.

We discover no reversible error in the record, and recommend an affirmance of the decree appealed from.

LETTON and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.