## SAUNDERS <i>v.</i> BENTLEY.

In an action against two persons alleged to be partners, on a contract signed in the partnership name, service upon one is a service upon the partnership, and sufficient as to each member of the firm.

<i>Appeal from the Henry District Court.</i>

SATURDAY, JUNE 11.

THIS action was commenced against James Craig and George W. Bentley, and claims that they were partners by the name and style of Craig & Bentley, and as such, with one Burris, made their promissory note to plaintiffs. The

notice was returnable to the April term, 1858, and was serv-
ed on Craig in March, of that year. The record also shows
that the same notice was served on Bentley, in May, after-
wards.  Bentley made default.  Craig answered, setting
up, among other things, that the note sued on never was
executed by the firm, or by any person authorized to sign
their name. The cause was heard at the August term, 1858,
and judgment rendered against Bentley by default, and in
favor of Craig.   Bentley appeals.

*Hall, Harrington & Hall,* for the appellant.

*A. H. Bereman,* for the appellant.

WRIGHT, C. J.—The error assigned is, that Bentley nev-
er was served, and that the court below had no jurisdiction
over his person, so as to render judgment against him by
default.   Service upon Craig, (and this was unquestionably
good), was a service upon the partnership ; and hence, suf-
ficient as to each member of the firm.  Code, section 1728.
By this service, the court obtained jurisdiction over Bentley,
as well as Craig, and it was not lessened, or taken away, by
the subsequent unnecessary reading of the same notice by
the sheriff to Bentley.

Judgment affirmed.