Gregory, Tilton & Co. v. Harmon & Hamilton.

GREGORY, TILTON & CO. v. HARMON & HAMILTON.

1. SERVICE OF NOTICE. When the defendant waived the reading of an original notice by the sheriff, he will not be permitted to take advantage of that waiver, by objecting to the sufficiency of the service for that reason.
2. SAME: EVIDENCE: RETURN. When the defendant waives the reading of an original notice, the sheriff's return will be sufficient evidence of such waiver.
3. SERVICE UPON A FIRM. Service upon one member of a firm, in an action against the firm, is sufficient to give the court jurisdiction as to all the copartners.
4. DEMAND OF COPY OF PETITION. When a defendant demands a copy of the petition, he should designate the place to which he wishes it sent, and if the return of the officer does not show that such place was designated, the demand may be disregarded.

*Appeal from Bremer District Court.*

SATURDAY, JUNE 9.

*J. C. Wright* and *Ruddick & Miles* for the appellants.

*John E. Burke* for the appellees.

BALDWIN, J.—The defendants, at the first term of the District Court, after the petition was filed in this cause, entered a special appearance and moved the court to continue the cause until the next term, for the reason that the defendants had not been properly served with notice, and that the court had no jurisdiction over them. The sufficiency of the return of the officer who made the service of the original notice, is the only question necessary to be passed upon

in this cause. The return reads as follows, viz : " Served the within notice on the said defendants, by showing the same to the said Harmon; the said Harmon accepting service and expressly waiving the reading thereof to him by me. A copy of the notice and petition demanded and given. No copy of petition given to Harmon. July 7th, 1859, J. G. Ellis, Sheriff. Copy of petition given to W. B. Hamilton, this the 9th day of July, 1859." It is claimed that this return showed that the service was not made in compliance with the requirements of the statute, and that the court erred in refusing to continue the cause, and in entering judgment against defendants before they were properly served.

The return is somewhat ambiguous, yet if by a fair and reasonable construction of the language used by the officer, the court had reason to conclude that the law, which directs the mode of service, had been substantially complied with, it was proper to hold such return good and the service complete. The additional return made by the officer, July 9th, does not affect the original return in any manner, as it does not appear that W. B. Hamilton was one of the defendants. If he was, the copy was left with him one day too late, the court commencing upon the 18th. The points made by appellant are as to the validity of the original return. It is submitted that this return does not show that the officer read the notice to Harmon, or that he in a proper manner either accepted or waived such service. The law requires that such notice shall be read to the person on whom such service is about to be made, but we do not regard it as necessary in every case to read such notice. The party may, without doubt, waive such reading. But the appellant claims that the return of the officer is not the proper evidence of such waiver. That if a party waives the reading of a notice, that fact can only be evidenced by a statement made and signed by the party himself. There are in some cases certain facts connected with the service of a paper, that are properly evidenced by the return of an officer, besides the usual return

authorized by law. As, for instance, if the person on whom service was about to be made should· escape from the presence of the officer, or should positively refuse to listen to the reading of the notice, in that case the officer could properly return the facts and his return should be regarded as evidence of such facts. In this case the officer offered to read the notice to defendant, Harmon, but he virtually refused to listen to such reading. He expressly waived such reading, and we think this waiver can be properly proven by the return of the officer. Harmon now seeks to take advantage of what he expressly waived, perhaps for the purpose of throwing the officer off his guard. We think, if the officer's return is true, and it is so presumed, the defendant, Harmon, should not now be permitted to complain that he has been deprived of a right which he expressly waived.

It is further claimed that a copy of the notice and petition was demanded, but that the return does not show to whom the same was given. The officer certifies that it was given, but he also states that no copy of the petition was given to Harmon.

Harmon & Hamilton were sued as partners. The note sued on was signed by them in their firm name. Service upon one of the firm was sufficient to give the court jurisdiction over both. *Saunders* v. *Bently*, 8 Iowa 516. A copy was given to some one, but it does not appear to whom, nor by whom demanded. Had a copy been demanded in a proper manner, we think the return should show by whom demanded and to whom given. There was, however, no proper demand in this case.

It has been held by this court in the case of *Lyon* v. *Cloud*, 7 Iowa 1, that the party demanding such copy must designate at what point he desires such copy sent to him, and if the return of the officer does not show that the defendant designated the point to which he desired such copy sent, it is not error to render judgment by default, without showing such copy had been furnished.

Judgment affirmed.