JOHN. G. PUTNAM AND T. P. STEVENS, Respondents, *vs.* DANIEL M. ROSS, *et al.,* Appellants.

1. *Mechanic's lien—Contractors—Partnership—Non-joinder—Notice—What sufficient.*—Where a firm contracts to build a house, and suit is brought under the mechanic's lien law, both members need not be joined as defendants; either may be sued alone.

In such case, a notice of plaintiff's claim is not rendered insufficient from the fact that it alleges the demand to be against both members of the firm, and not merely against the one made defendant. (Putnam vs. Ross, 46 Mo., 337.)

*Appeal from Jackson Circuit Court.*

*Twiss & Medsker,* for Appellants.

I. The notice of a demand due from Messrs Ross & Shane, contractors, is not sufficient upon a petition alleging that D. M. Ross, was the contractor, and that the demand was due plaintiffs from D. M. Ross, particularly when the record shows that the firm of Ross & Shane, and not the individual D. M. Ross, were the contractors.

II. The original contractors are proper and necessary parties to an action to enforce a mechanic's lien. (Horstkotte vs. Menier, 50 Mo., 158.)

III. The owner of the property, against which a lien is sought, has a right to the benefit of a personal judgment against his original contracting party, whether individual or co-partners. There is precisely the same reason for making every one of the co-contractors defendants, that there is for making any one of them defendant. The owner of the building cannot be remitted to the option of the plaintiff for determination as to whether he will have personal judgment against one, or all, of his co-contractors. (Horstkotte vs. Menier, 50 Mo., 158.)

IV. The fact that Ross & Shane dissolved partnership, after a large portion of the lumber sued for was bought, or the contract completed, does not affect or defeat the necessity of making Shane a defendant.

*Cravens & Tomlinson, and Ewing & Smith,* for Respondents.

ADAMS, Judge, delivered the opinion of the court.

This was an action to enforce a mechanic's lien. The plaintiffs furnished lumber to the defendant, Daniel M. Ross, as contractor, to build a house for the defendants Medsker and others, owners of the property.

The defendant Ross, and one Shane, were the contractors, as partners, for building the house. This partnership was dissolved during the time the house was being erected, and the defendant, Ross, took this job to finish on his own account, with the consent of the owners. Part of the lumber was furnished by the plaintiffs to the firm of Ross & Shane, and the remainder to the defendant, Ross, alone, after the dissolution.

The defendants objected, by way of answer, that Shane, one of the original contractors, was not joined as defendant, but did not ask that he should be brought before the court as a party. On the trial the defendants objected to the no-

tice of plaintiffs' claim, because the notice showed the plaintiffs' demand to be against Ross & Shane, and not against Ross alone. This objection was overruled. The plaintiffs obtained a judgment against Ross, and for the enforcement of the same against the property in dispute.

1. The contract by Ross & Shane to build the house was joint and several, and the plaintiffs had the right to sue Ross alone for the whole amount. As they had furnished part of the lumber to Ross & Shane, and the balance to Ross alone, and filed only one lien for the whole amount, they could only maintain one suit for the enforcement of the lien. I do not see how Shane could be joined as defendant, as he was not liable for that part of the lumber furnished to Ross after the dissolution of the partnership. The law requires the original contractor to be made a defendant. But where there are several joined in the contract, one may be sued alone, and so one may be brought before the court in a suit on the lien. If the owners of the property desire the other joint contractors to be made defendants, the court may in its discretion have them brought in as defendants if they are within its jurisdiction. There is nothing in this case to show that Shane ought to have been brought before the court. The doctrines maintained in Horstkotte vs. Menier, 50 Mo., 158, do not conflict with these views. That case holds that the original contractor should be made a defendant, but there is no intimation that, where there is a joint contract, it is necessary to bring in all the contractors.

2. The notice of the claim was sufficient. The objection was merely formal and not substantial. This notice was held to be sufficient when this case was formerly before this court. (See Putnam vs. Ross, 46 Mo., 337.)

Let the judgment be affirmed. The other judges concur.