BUILDING AND PLANING MILL COMPANY, Respondent,
v. C. H. HUBER, EDWIN E. WILSON AND
JNO. W. TULLIS, Appellants.

Kansas City Court of Appeals, December 1, 1890.

1, **Justices' Courts:** DISCONTINUANCE NOT AVAILABLE. The fact that the justice's docket does not show that anything was done on the return day of the writ or until five days later (if it works a discontinuance) cannot be made available to defendants, one of whom appeared personally at the trial, another of whom was subsequently served and the third of whom personally entered his appearance at the trial.

2. **Practice:** FILING PAPER: INDORSEMENT THEREOF: EVIDENCE. The deposit of a paper with the clerk at his office constitutes the filing, and he should enter the date thereof on the paper, and such indorsement would become evidence of the fact of the filing; but, in the absence of such indorsement, the filing may be proved by other evidence.

3. **Mechanics' Lien:** ERROR IN LIEN STATEMENT AS TO SOME OF ORIGINAL CONTRACTORS: EXECUTION. In the lien account and the statement before the justices two parties are named as original contractors, but in the judgment only one is charged : *held* this would not avail on appeal, much less on motion to quash execution.

Building & Planing Mill Co. v. Huber, Wilson & Tullis.

*Appeal from the Jackson Circuit Court.*—HON. JAMES GIBSON, Judge.

.AFFIRMED.

*Cook & Gossett,* for appellants.

(1) The failure to continue the cause in the justice's court from February 27, 1888, to April 4, 1888, as shown by the transcript, was a discontinuance of it, and divested the justice of jurisdiction. His power to proceed further in such suit ceased. *Brahmstead v. Ward,* 44 Wis. 591; *Webster v. Laws,* 86 N. C. 178; *Allen v. Board of Health,* 46 N. J. L. 99; *Flint v. Gault,* 15 Hun. (N. Y.) 213; *Young v. Kellman,* 10 Mo. App. 589; *Sprague v. Shed,* 9 Johnson, 140; R. S. 1889, sec. 6131. (2) The filing of the notice of institution of the suit before the justice to enforce the lien is a jurisdictional fact, and could only be evidenced by the indorsement of the clerk to that effect. The law does not contemplate that titles shall depend upon oral testimony to the effect that such a notice was "stuck or pasted" on, or folded in, the lien statement when it was filed. *Ewing v. Donnelly,* 20 Mo. App. 6. (3) The filing of the preliminary lien statement in the clerk's office, and the statement of facts in the justice's court, are jurisdictional matters, and, being such, the justice can only render judgment in accordance with and responsive to them. *Ewing v. Donnelly, supra;* R. S. 1889, sec. 6161; *Brick Co. v. Zeppenfield,* 9 Mo. App. 595; *Gault v. Soldani,* 34 Mo. 150; *Ross v. Ross,* 81 Mo. 84. (4) The plaintiff must stand or fall with the lien statement and his petition and the facts set up therein, and cannot contradict them. *Coe v. Ritter,* 86 Mo..277. (5) This is not the case of an ordinary suit for personal judgment on a joint and several debt, wherein plaintiff may recover against one defendant

VOL. 42—28

Building & Planing Mill Co. v. Huber, Wilson & Tullis.

and fail as to the others. *Ewing v. Donnelly*, 20 Mo. App. 6; R. S. 1889, secs. 6161, 6162; *Thurston v. Roeder*, 6 R. I. 672.

*Owsley & Shannon* and *Wash Adams*, for respondent.

(1) The fact that the transcript on which this execution was issued fails to state that the cause was continued from February 27, 1888, to April 4, 1888, does not render this judgment a nullity; on February 27, 1888, the defendants had not all been served. White and Huber waived the discontinuance by appearing for trial; Wilson waived the discontinuance by entering his appearance in writing, and Tullis was brought into court after the discontinuance; and on the day of trial every defendant was in court. (2) Appellants contend that notice of the institution of this suit could only be evidenced by the indorsement of the clerk to that effect. R. S. 1879, sec. 3177. The filing is the actual delivery to the clerk without regard to any action that he may take thereon. *Grubbs v. Cones*, 57 Mo. 83; *Bensley v. Haeberle*, 20 Mo. App. 648; *Baker v. Henry*, 63 Mo. 517; *State v. Grate*, 68 Mo. 26; *Gosline v. Thompson*, 61 Mo. 471. (3) A variance between the judgment rendered and the allegations in the statement cannot be reached by a motion to quash, if the court has jurisdiction of the parties and subject-matter. *First.* A motion to quash an execution will not lie for errors or irregularities preceding the judgment which are not jurisdictional. *Ewing v. Donnelly*, 20 Mo. App. 6; *Brackett v. Brackett*, 53 Mo. 265; *Merrick v. Merrick*, 5 Mo. App. 123. *Second.* The notice of lien and statement gave the name of the real debtor, C. J. Huber, but coupled with it that of a third party, George M. White. Such an error would not vitiate the lien. *Putnam v. Ross*, 46 Mo. 337; *Oster v. Rabeneau*, 46 Mo. 596; *Putnam v. Ross*, 55 Mo. 116; *De Witt v.*

*Smith*, 63 Mo. 263 ; *Scoville v. Chapman*, 17 Ind. 470. *Third.* The insertion of a superfluous name will not affect the lien. Phillips' Mech. Liens [ 2 Ed.] sec. 345 ; *Hampton v. Catlin*, 20 N. Y. 247; *Roach v. Chapin*, 27 Ill. 194; *Tibbetts v. Moore*, 23 Cal. 208; Phillips' Mech. Liens [ 2 Ed.] sec. 346.

GILL, J.—The plaintiff corporation recovered judgment before a justice of the peace against defendant Huber as owner, and defendants Wilson and Tullis, mortgagees, of certain real estate in Kansas City, for the enforcement of a mechanics' lien on account of some building material furnished by said plaintiff. Plaintiff thereupon filed a transcript of this judgment in the circuit clerk's office at Kansas City, and had an execution issued thereon. Defendants Wilson and Tullis then filed in said circuit court a motion to quash said execution. The same was in due time heard by the court, and was overruled, and from this judgment said Wilson and Tullis have appealed.

The justice's transcript was filed in the office of the clerk of the circuit court on June 25, 1889, and is as follows :

"Building and Planing Mill Co.,
    a Corporation,
            *vs.*
"C. J. Huber, G. M. White, C. M.
    Howlett, J. W Tullis and
    Edwin E. Wilson.

"Filed January 30, by plaintiff's attorneys, account *vs.* defendants in amount of $237.49. Summons issued to constable of Kaw township, returnable February 14, 1888, seven A. M. Summons returned duly served on defendants Huber and White, and no service on other defendants; February 14, 1888, '*alias*' summons issued to constable of Kaw township, returnable

February 27, 1888, seven A. M.; '*alias*' summons returned not served. April 4, 1888, '*alias*' summons issued to constable of Kaw township, returnable April 17, 1888; '*alias*' returned duly served on defendant Tullis, and no service on defendant Wilson, April 17, 1888. Case continued to April 21, 1888, by defendant, and continued to May 5, 1888, by plaintiff. May 5, 1888, defendant E. E. Wilson enters his appearance in writing. May 5, 1888, comes the plaintiff, dismisses as to defend-. ant Howlett, and defendants Tullis and Wilson make .default. Defendants Huber and White appear, and cause having been submitted to the justice and evidence heard, case is taken under advisement, May 8, 1888. May 8, 1888, it is, therefore, considered and adjudged by the justice that plaintiff's mechanic's lien be sustained, and that plaintiff have and recover of the defendant, C. J. Huber, the sum of $237.49, with cost of suit, and that execution issue therefor, and if not sufficient property can be found of defendant Huber, to satisfy said judgment and costs, that the same be levied of the property of defendants, to-wit, lot 6, block 1, and the improvements thereon, in Tullis Park, an addition to the city of Kansas, Jackson county, Missouri; that the same be sold to satisfy said judgment and cost, and that execution issue therefor.

"A. W. ALLEN,
"Justice of the Peace."

On the same day an execution was issued in the usual form. Defendants Wilson and Tullis, thereupon, filed the motion to quash the same, alleging as grounds therefor : "*First.* That the same is not in conformity with the said transcript and judgment therein set forth. *Second.* That said judgment is void and of no effect, because the justice pretending to render the same had no jurisdiction to enter or render such judgment, and had no jurisdiction to hear and determine the case."

It seems from the face of the justice's transcript that there were many delays before getting defendants Wilson and Tullis into court. The suit was commenced before the justice January 30, 1888, and summons was issued returnable February 14, 1888. Defendants Huber and White were served, but Wilson and Tullis were not found. Whereupon an *alias* was issued returnable February 27, thereafter. The transcript does not show that anything was done on February 27, but on April 4 said *alias* summons, issued February 14, was returned not served, and another summons issued returnable April 17, and this was served on defendant Tullis. The cause, then, was continued from April 17 to May 5, when Wilson entered his appearance and the cause was tried, taken under advisement to May 8, 1888, when judgment was entered.

The contention is that, as the justice's record did not show a continuance of the cause from February 27 to April 4, 1888, there was a discontinuance, and the justice's jurisdiction thereby divested. Of this it is sufficient to say that neither of the defendants are in any condition to complain of this mistake of the justice. Since, as to *Huber*, he personally appeared at the trial; as to *Tullis*, he was subsequently brought in by service of summons, and as to *Wilson*, he personally entered his appearance at the date of trial. If then this was an irregularity, or even error, no one was harmed thereby, and it furnished no reason to quash this execution.

The next point made by defendants relates to the filing of the notice in the circuit clerk's office, warning all parties concerned of the proposed suit before the justice of the peace, as provided by section 6161, Revised Statutes, 1889. It appears, without question, that on January 28, 1888, two days before beginning the action in the justice's court, the plaintiff left the necessary notice with the clerk at his office, along with the mechanics' lien account; that the clerk received the

same, folded the two papers together and made only the one indorsement of filing which was on the outer cover of the lien. So that in fact no mark of filing was placed on the notice. It was the duty of the circuit clerk to enter the date of filing on the notice, and when this shall be done such indorsement becomes evidence of the fact of filing. However, such indorsing or marking by the clerk is not the *filing* required by the statute; it is only *evidence* of the filing. The deposit of the paper with the clerk at his office constitutes the filing, and in the absence of the usual marking by the clerk this may be proved by other evidence. *Bensley v. Haeberle*, 20 Mo. App. 651; *Grubbs v. Cones*, 57 Mo. 84; *Baker v. Henry*, 63 Mo. 519; *State v. Grate*, 68 Mo. 26.

It is further urged against the judgment attacked, that in the preliminary lien statement filed in the clerk's office, as well as in the statement of the cause of action before the justice, two parties, to-wit: C. J. Huber and G. M. White, are named as the original contracting owners, but that in the *judgment* only one (Huber) is charged. It appears then that the plaintiff coupled the name of White, not liable, with that of Huber who was chargeable as original contractor and owner, and so the court found, and rendered judgment alone against the contractor and owner, Huber. Even as a matter of error on appeal this would not avail defendants Wilson and Tullis. *Putnam v. Ross*, 46 Mo. 337, and 55 Mo. 116. The reasoning of the supreme court in *Putnam v. Ross*, *supra*, is alike applicable here, and upon the authority of that case we hold this point against defendants.

We have considered all other questions suggested in defendants' brief, but find in them no substantial reason against the action of the court below.

The judgment, therefore, of the circuit court, is affirmed. All concur.