THE STATE OF MISSOURI, Respondent, v. JAMES PLUMMER, Appellant.

Kansas City Court of Appeals, November 6, 1893.

1. **Criminal Proceedings:** FILING INFORMATION. It is enough that the information is lodged with the justice, and the defendant arraigned and tried thereon, and it is then sent up to the circuit court on appeal, although the justice's minutes fail to state its filing and it is not marked filed.

2. ————: JUSTICE OF WHAT COUNTY: EVIDENCE. This record sufficiently shows that the justice before whom the proceeding began and the one before whom it was tried were both justices of the county where the offense occurred; and the evidence sustains the conviction.

*Appeal from the Clinton Circuit Court.*—HON. W. S.
HERNDON, Judge.

AFFIRMED.

*F. B. Ellis* and *Roland Hughes* for appellant.

(1) The court erred in overruling the defendant's
motion to quash the transcript in this cause. There
are no file marks on the paper purporting to be an
information. The court only acquires jurisdiction by
an information being filed. The filing of the informa-
tion must be noted by the officer whose duty it is to
have the custody thereof. If the prosecution is by a
private citizen, he can file his affidavit with the proper
officer. The prosecuting attorney must then file an
information based upon said affidavit. This is the
only way the court can get jurisdiction of a defendant
in a misdemeanor. (Revised Statutes, 1889, sec. 4329.)
The only thing that is shown by the record in this
case is that the prosecuting witness filed an affidavit.
The transcript nowhere shows that an information
was ever filed. If the record does not show the filing
of an information, then the court had no jurisdiction.
*State v. Kelin*, 79 Mo. 515; *State v. Brisco*, 80 Mo. 643;
*Ex parte, Thomas*, 10 Mo. App. 24; *State v. Wonderly*,
17 Mo. App. 598; Revised Statutes, 1889, sec. 4365.
(2) The second error complained of by defendant is
that the transcript of the justice, Wm. Carr, from
whom the change of venue was taken, fails to show
that the justice sent the case to any justice of Clinton
county, Missouri. The only reference in the transcript
is that he sent the cause to Watts of Turney. Can the
court take judicial knowledge of Turney being in
Clinton, county, Missouri? Record must show that
the venue was changed to some justice in another

township. Revised Statutes, sec. 4344; *State v. Metzer*, 26 Mo. 65; *Ewing v. Donnelly*, 20 Mo. App. 6; *Peddicord v. Railroad*, 85 Mo. 161.

*John A. Cross* for respondent.

(1) The information in this case in legal effect was filed with the justice of the peace, under section 4330, Revised Statutes, 1889, when it was properly signed by the prosecuting attorney and delivered to, or deposited with, the justice of the peace, charging the defendant with a criminal offense. *State v. Clark*, 18 Mo. 432; *State v. Couperhaven*, 39 Mo. 430; *Grubb v. Canes*, 57 Mo. 83; *Baker v. Henry*, 63 Mo. 517; *State v. Gates*, 68 Mo. 22; *State v. Pitts*, 58 Mo. 556; *State v. Gowen*, 7 Eng. Ark. 62. (2) The information being properly signed and lodged with the justice, and though no filing was indorsed thereon by the justice, that fact will not affect the jurisdiction of the court, or the validity of the information. *State v. Clark*, *supra; State v. Gates*, *supra*, and cases cited; *State v. Pitts*, *supra; Olin v. Zeigler*, 46 Mo. App. 193; *Bensley v. Haeberle*, 20 Mo. App. 648; *Thompson v. Marshall*, 50 Mo. App. 145; Revised Statutes, 1889, sec. 4366.

GILL, J.—Defendant was tried, and found guilty, in the court below for disturbing a congregation engaged in religious worship, contrary to section 3785, Revised Statutes, 1889. The prosecution was begun before W. H. Carr, a justice of the peace in Clinton county; a change of venue was awarded to D. P. Watts, another justice, where on trial defendant was found guilty, and thereupon he appealed to the circuit court. A trial there resulted adversely, and the cause is here on defendant's appeal.

I. In the circuit court, defendant unsuccessfully moved the court to quash the information on the

alleged ground that the justice who tried the cause had no jurisdiction, "because," it is said, "said information nor transcript does not show that any information was ever filed in said court." This action of the trial court is complained of as error.

There is no merit whatever in the contention. The transcript of the justices, along with the papers sent up, show, unequivocally, that an affidavit charging the offense was duly filed with Justice Carr; that a warrant thereon was issued and the defendant brought in; that the prosecuting attorney thereupon lodged with the justice his information, and that a trial was had on this information before Watts, justice of the peace, where the jury found defendant guilty as charged in the information and from a judgment entered in accordance therewith before Justice Watts, defendant appealed to the circuit court.

It is true that in the justice's minutes it is not directly stated that the information was filed, nor is the information marked filed on the back thereof. Still, the information is shown to have been lodged with the justice, the defendant was arraigned, pleaded thereto, was tried thereon and found guilty as therein charged. And this same information was certified up, and deposited in the office of the circuit appellate court. This was enough in such prosecution before a justice of the peace. That the paper, or information, was not marked "filed" by the justice is of no consequence, since the lodgment thereof with the justice was such a filing as will answer the demands of the statute. *Building & Planing Mill Co. v. Huber*, 42 Mo. App. 432.

Nor do we discover any merit in the claim that it does not appear that Watts, to whom the case was sent on change of venue, was a justice of the peace of the same county wherein the proceeding was begun.

It does appear from the face of the proceedings that Carr and Watts were both justices of the peace in Clinton county. This was sufficient.

In reading this evidence we find it ample to sustain a conviction of the offense charged in the information. The court, therefore, rightly declined to sustain a demurrer to the testimony. Judgment affirmed. All concur.