[No. 5306.]
[No. 2944 C. A.]

BARNES ET AL. v. THE COLORADO SPRINGS AND CRIPPLE CREEK DISTRICT RAILWAY COMPANY.

1.  **Practice in Civil Actions—Partnership—Process—Service— Statutory Construction.**

Section 14, Mills' Ann. Code, provides that, when two or more persons are associated in business under a common name, the associates may be sued by the common name, the summons being served on one or more of them, but that the judgment in such cases shall bind only the joint property of the associates, and the separate property of the party served. Held, that a firm, two members of which were served, was properly before the court for the purpose of determining the partnership interests in the matter in controversy.—P. 465.

2.  **Partnership—Powers—Service on One Partner.**

Service upon one partner is good service upon the partnership, and gives the court jurisdiction over each member in an action against the firm.—P. 466.

3.  **Same—Sufficiency of Return.**

In an action against a partnership of which D. was a member, the return of service of summons certified that "I delivered a copy of said summons to the within-named D., defendant." Held, that where there was but one "D." mentioned in the summons, such return is sufficient to show service on a member. —P. 466.

4.  **Same—Leaving Summons with Member of Family.**

Service of summons upon a member of a partnership, by leaving a copy of the summons and complaint at his usual place of residence with a member of his family over 15 years of age, is a sufficient service on the partnership.—P. 467.

5.  **Mechanics' Liens — Proceedings — Several Contractors—Parties Defendant.**

In an action to foreclose a mechanic's lien for material furnished a subcontractor, where there are several original contractors, it is not necessary to make more than one of them a

defendant, but if the owners of the property wish the other joint contractor to be made defendant, the court may, in its discretion, have them brought in, if they are within its jurisdiction.—P. 468.

6. **Process—Summons on Cross-complaint—Necessity for Service.**

A defendant who files a cross-complaint is not required to cause a summons to be served upon either the original plaintiff or any of- his codefendants.—P. 469.

7. **Mechanics' Liens—Claim Embracing Lienable and Nonlienable Articles—Effect.**

Although a claim of a mechanic's lien is in part for articles not the subject of lien, it will not vitiate the claim if not willfully false, and the court will permit the claimant by proof to make the necessary segregation, will throw out the value of such articles, and will declare a lien for the remainder.—P. 469.

8. **Mechanics' Liens — Lien Against Railroad — Pleading and Proof.**

Section 2869, 3 Mills' (Rev.) Stats., relating to mechanics' liens, gives a lien upon the entire structure for which work or materials are furnished, and hence it is unnecessary, in proceedings to enforce a lien for materials furnished in the 'construction of a railroad, for plaintiffs to' allege or prove upon what portion of the road the material was used.—P. 470.

9. **Same—Material Furnished to Several Contractors.**

In an action to foreclose a mechanic's lien for materials furnished a subcontractor in the construction of a railroad, it is not necessary for plaintiffs to prove what portion of the materials was used by him under each of his several contracts with the principal contractors, since the principal contractors could not be held personally liable, but it is sufficient if the proof was such that the owner of the property and the principal contractors could adjust that matter between themselves.—P. 470.

10. **Mechanics' Liens—Materials Furnished to Construct a Railroad—Evidence—Sufficiency.**

In an action to foreclose a mechanic's lien against a railroad for material furnished a subcontractor of construction work, evidence reviewed, and held to show that such materials were delivered and used in the construction of the railroad.—P. 471.

*Appeal from the District Court of El Paso County.*
*Hon. John H. Voorhees, Judge.*

Action by J. B. Barnes and Marion O. Barnes, copartners under the firm name of G. S. Barnes

& Son, against George Nelson, The Lowell-Meservy Hardware Company, James B. Orman and William Crook, copartners, and James N. Carlile, R. F. Weitbrec and A. Ditmer, copartners, to foreclose a lien claimed by plaintiff upon the railroad of The Colorado Springs and Cripple Creek District Railway Company; and the defendant, The Lowell-Meservy Hardware Company, also claimed a lien on the same property. From a judgment for defendant railway company against plaintiff and the hardware company, the latter appeal.                    *Reversed.*

Messrs. SHEAFOR & KINNEY and Mr. GEORGE W. MUSSER, for appellants.

Messrs. LUNT, BROOKS & WILCOX and Mr. E. E. WHITTED, for appellee.

Mr. JUSTICE BAILEY delivered the opinion of the court:

This was an action brought by appellants, G. S. Barnes & Son, against appellee, George Nelson, the appellant hardware company; James B. Orman and William Crook, copartners, and James N. Carlile, R. F. Weitbrec and A. Ditmer, copartners, to foreclose a lien claimed by plaintiff upon the railroad of the appellee railway company. It was contended that the plaintiff was entitled to a lien because of certain material furnished by plaintiff to defendant Nelson, which was used in the construction of a portion of a line of railway of the defendant railway company by said Nelson, he being a subcontractor having contracts with Orman & Crook and with Carlile, Weitbrec & Ditmer, the two firms being the principal contractors.

The hardware company was made a party defendant because it also claimed a lien upon the same property. This company filed a cross-bill, setting up

its lien and that the lien it claimed was for material alleged to have been furnished Nelson in the construction of the same railway, and under the same subcontracts alleged in the plaintiff's complaint.

Nelson was served with a summons, but failed to answer, and judgment was rendered against him for the amount due each of the appellants. The original summons was not served upon either of the partners, but an alias was issued which was served upon James N. Carlile personally, upon William Crook by delivering a copy of the summons to his daughter, Mollie Crook, at his usual place of abode, and a copy was served upon the defendant A. Ditmer personally.

Upon the filing of the cross-complaint of the hardware company, a summons was issued on its behalf and was served upon the defendant railway company and Nelson only.

There was no appearance entered on behalf of the principal contractors, either as partnerships or individuals. It was alleged and admitted that the defendant railway company reserved from the moneys due the contractors a sufficient amount to pay the plaintiff and the cross-complainant the amount of their respective demands.

After the matter had been brought to issue, upon the complaint and cross-complaint of appellants and the answer of defendant railway company, it was tried without any further effort upon the part of either of the parties to bring the principal contractors into court.

At the close of the testimony introduced on behalf of plaintiff and the hardware company, the defendant railway company moved for judgment in favor of itself and against plaintiff and the hardware company. The principal grounds of this motion were that the principal contractors had not been

served with summons; that the evidence failed to
show whether the material was all furnished in
Teller county, or all in El Paso county, or part in
one and part in the other, and that it fails to show
how much of the material was furnished under the
contract with Carlile, Weitbrec & Ditmer, how
much under the contract with Orman & Crook, and
that a portion of the material furnished was non-
lienable. This motion was sustained and judgment
rendered for the railway company against the lien
claimants, who have appealed to this court.

The first contention made by appellee in its
brief was that the motion was properly sustained be-
cause the firm of Orman & Crook and the firm of
Carlile, Weitbrec & Ditmer, the principal contract-
ors, had not been properly served with summons.

Section 14 of the Code of Civil Procedure pro-
vides:

"When two or more persons associated in any
business transact such business under a common name
*   *   *   the associates may be sued by such com-
mon name, the summons in such cases being served
on one or more of the associates, but the judgment
in such cases shall bind only the joint property of
the associates and the separate property of the party
served."

Under this section there can be no question as
to the firm of Carlile, Weitbrec & Ditmer being
properly in court for the purpose of determining
their partnership interests in the matter in contro-
versy; because, as we have seen, the summons was
served upon two of the members of the firm.

In *Putnam et al. v. Ross et al.*, 55 Mo. 116, it was
said:

"The law requires the original contractor to be
made a defendant. But where there are several
joined in the contract, one may be sued alone, and

so one may be brought before the court in a suit on the lien. If the owners of the property desire the other joint contractors to be made defendants, the court may, in its discretion, have them brought in as defendants if they are within its jurisdiction.''

This was afterwards approved in *Hassett v. Rust,* 64 Mo. 325.

Boisot says:

''If there is a firm of original contractors, it is not necessary to make more than one of the partners a defendant to a suit by a subcontractor.''—Boisot on Mechanics' Liens, § 533.

Service upon one partner is good service upon the partnership and gives the court jurisdiction over each member in an action against the firm.—*Gregory, Tilton & Co. v. Harmon et al.,* 10 Ia. 445; *Winters v. Means,* 25 Neb. 241; *Julius v. Callahan,* 65 N. W. (Minn.) 267.

But it is said by appellee that the return was insufficient because it failed to show that Carlile and Ditmer, the parties served with summons, were members of the firm of Carlile, Weitbrec & Ditmer. Whatever may be said as to the return of service upon Carlile, the return as to Ditmer was sufficient. This return is as follows: ''I delivered a copy of said summons to the within-named A. Ditmer, defendant.'' The ''within-named A. Ditmer, defendant,'' was the member of the firm. He is the only Ditmer mentioned in the summons and, by describing him as ''the within-named defendant,'' it sufficiently appears that he was the party served.

In the matter of the service upon Orman & Crook, a different question is presented. There, it will be remembered, the only service that was had was by leaving a copy of the summons and complaint at the usual place of residence of the defendant Crook with Mollie Crook, a member of his family,

over the age of fifteen years. It is contended by appellee that the only manner in which service of summons may be had upon members of a partnership is by delivering to the partner personally a copy of the writ, and that a substituted service is not permissible in such cases. The case of *Brydolf v. Wolf, Carpenter & Co.*, 32 Iowa 509, is relied upon as supporting this contention, and is the only case cited by appellee which is in point. The difficulty in applying the Iowa doctrine to the case at bar is that the Iowa statute provides that in an action against a partnership "service may be had upon any member of the firm or upon any agent employed in the general management of the business of the partnership."—Rev. Stats. of Iowa, § 2826. The statute appears to contemplate an action against the partnership itself as distinguished from an action against the members of the firm, while with us it is the associates themselves who are sued. There, the manner of making the service upon partnerships is specifically prescribed. With us the manner of making service upon the members of the firm is in no manner different from that of making service upon any other individuals.

In Nebraska the statute provides that the partnership may sue or be sued by the usual name of the partnership, and it shall not be necessary to plead the names of the persons composing the firm, and that process against the firm may be served by a copy left at the usual place of doing business with one of the members or a clerk or agent of the firm.— Sections 24 and 25 of the Nebraska Code.

In *Herron v. Cole Bros.*, 25 Neb. 692, it was held that those provisions give cumulative remedies against firms, but that there is nothing in them to prevent a plaintiff from proceeding against members of the company, although he may also describe the

party as a copartner and set out the firm name by which the copartners were known, and in that case service should be made on the members individually, or, if not found, by leaving copies at their usual place of abode.

In *Hanna v. Emerson et al.*, 45 Neb. 708, Robert Hanna and J. M. Sugar were sued as members comprising the firm of Hanna & Sugar. A motion was made to quash the summons, for the reason that it was served upon the defendant Hanna by leaving a copy of the same at his usual place of residence, and not by delivering the same personally to him. The court held:

"There is no merit in this objection, for two reasons: First, it is not true that the writ was served by leaving a copy at the residence of the defendant. On the contrary, the return made by the officer upon the writ shows—and it is undisputed by any other portion of the record—that the summons was served by delivering to Hanna personally a copy of the same, including all of the indorsements thereon. In the second place, it is wholly immaterial whether the service was by delivering a copy of the writ to the defendant or by leaving the same at his usual place of abode. Service in either mode would be good."

The reasoning of the Nebraska court is adopted in the Encyclopedia of Pleading and Practice, wherein it is said:

"In an action against a firm in the individual names of its members, service of process should be made on the members individually, or, if not found, by leaving copies at their usual place of residence." —15 Enc. Pl. & Pr. 899.

It would seem from this that the service upon Crook was sufficient, and, inasmuch as "where there are several joined in the contract, one may be sued alone, so one may be brought before the court in a

suit on the lien.  If the owners of the property desire the other joint contractors to be made defendants, the court may, in its discretion, have them brought in as defendants if they are within its jurisdiction.''—*Putnam and Stevens v. Ross,* 55 Mo. 116; *Hassett v. Rust,* 64 Mo. 327; Boisot on Mechanics' Liens 533.

It is contended by the appellee that the motion was properly sustained so far as the hardware company was concerned, for the reason that the summons issued on the cross-complaint of that company was not served upon the principal contractors, or any of them.  There is no provision in the law of this state by which it is necessary for a defendant who files a cross-complaint to cause a summons to be served upon either the original plaintiff or any of his codefendants.

It is also claimed by the appellee that the lien claimed was for articles which were nonlienable as well as those which were lienable, and that in consequence thereof no lien could attach to the property, or any judgment be rendered enforcing the lien. The rule seems to be that although a claim of lien was in part for articles not the subject of lien, it will not vitiate the claim if it was not willfully false, and the court will permit the claimant by proof to make the necessary segregation, throw out the value of such articles, and declare a lien for the remainder.— *Gordon Hdw. Co. v. R. R. Co.,* 86 Cal. 622; *Allen v. Elwert,* 44 Pac. 823 (Ore); *Maynard v. Ivey,* 29 Pac. 1090 (Nev.); Boisot on Mechanics' Liens, § 428, and cases cited.

While the plaintiffs, Barnes & Son, sold the subcontractor, Nelson, some articles which were not lienable, it is apparent from an examination of the testimony of plaintiffs that each of these articles could be readily separated from the entire amount. Without attempting to make an abstract of the testi-

mony, it is sufficient for our purpose to call attention to the fact that after October 26th, the date of the last payment made by Nelson, plaintiffs sold him powder and fuse amounting to $907.90, to be used in and about the construction of this railroad. These articles were lienable, and because they could be readily separated, and were separated, by the testimony from the nonlienable articles, it prohibited the court from dismissing the case because there were some nonlienable articles mentioned in the account. And so with the hardware company. Upon September 18th Nelson paid the hardware company in full. After that time he purchased goods to the amount of $1,611.10, to be used in the construction of this railroad, all of which appeared to have been lienable except $174.59. It being apparent, upon inspection of the testimony, that the lienable articles could be readily separated from the nonlienable ones, the motion should not have been allowed upon that ground.

It is contended that the motion was properly allowed, for the reason that the testimony did not show what portion of these goods was furnished in the construction of the railroad in El Paso county and what portion was furnished for the construction of the road in Teller county. It was unnecessary for the lien claimants to either allege or prove upon what portion of the road the material was used, for the reason that the law gives them a lien upon the entire structure.—Section 2869, 3 Mills' (Rev.) Stats.; *Brooks v. R. R. Co.,* 101 U. S. 443; 23 Am. & Eng. Enc. Law 720, and cases cited.

It is also contended that the lien claimants should, by their proof, have shown what portion of the materials was used by Nelson under his contract with Carlile, Weitbrec & Ditmer, and what portion was used under his contract with Orman & Crook.

This is a matter which did not concern the lien claimants, for the reason that the principal contractor could not be held personally liable for the debt. If it was advisable or necessary to have that matter adjusted as between the railroad company and the principal contractors, it might have been done in this proceeding. Neither the owner of the property nor the principal contractor saw fit to attempt it. The testimony shows that the material as purchased was charged to the separate camps of Nelson, so that it would have been easy to determine the amount of goods which went to each camp, and the amount which was used in the construction of that part of the road built by Orman & Crook, and that portion built by the other contractors. As we have said, it was not necessary for the claimants to make this separation, because they were asking no judgment against either of the principal contractors. They placed it in the power of the railroad company and the principal contractors to make this adjustment, which is all that can be required of the claimants in cases of this character.

It is contended that there is no proof that these materials were used in the construction of the road, or that they were delivered. The witness, West, testified that he was the purchasing agent for Mr. Nelson, and that as such he purchased powder, fuse and caps from Barnes & Son, and that they were used in the construction of this railroad. He also testified that they used powder, fuse, caps and materials of that kind purchased from the hardware company in the construction of this railroad.

This testimony is corroborated by the testimony of the teamsters as to the delivery and by the testimony of some of the members of each of the firms furnishing material, and is not denied, so that the court ought not to have sustained the motion because

of lack of proof concerning the delivery of the material. Having given this record a careful examination, and the authorities cited by appellee careful consideration, we are satisfied that the trial court erred in sustaining the motion of the defendant railroad company for judgment. The judgment will, therefore, be reversed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GODDARD concur.