No. 11,432.

SOUTHERN SURETY Co. *v.* FORT LUPTON MERCANTILE Co.

Decided September 13, 1926. Rehearing denied October 11, 1926.

Action against surety on contractor's bonds. Judgment for plaintiff.

### *Affirmed.*

1.  APPEAL AND ERROR—*Findings.* Findings of the trial court which are supported by evidence will not be disturbed on review.

2.  ACTIONS—*Parties—Bonds.* Although a bond given by a road contractor named the state as obligee, it is held under the facts disclosed, that plaintiff being the real party in interest, could properly bring suit on the bond in his own name.

3.  PRINCIPAL AND SURETY—*Bond—Construction.* The claim of a surety on a contractor's bond, that the bond guaranteed payment of labor and material claims only, overruled.

4.  LIMITATION OF ACTIONS—*Pleading—Presumption.* In the absence of pleading and proof that an action on a contractor's bond was not commenced within the time required by statute, the presumption is that it was commenced in time.

5.  PRINCIPAL AND SURETY—*Contractor's Bonds—Liability.* Two bonds were executed at different times, the principals in one being members of a copartnership who afterwards formed the corporation named as principal in the second; the bonds were given to secure

the performance of two road construction contracts, the projects being in the same neighborhood, and the work on the two being carried on for a time simultaneously. Under the facts disclosed, the claim of the surety that plaintiff could not recover on both bonds, and for the additional reason that it could not specify what portion of the labor and material went into the construction of the different projects, is overruled.

*Error to the District Court of the City and County of Denver, Hon. George F. Dunklee, Judge.*

Mr. W. E. CLARK, for plaintiff in error.

Messrs. CRUMP & RILEY, for defendant in error.

*En banc.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

DEFENDANT in error as plaintiff brought suit against plaintiff in error as defendant in the district court, and the parties will be designated here as there.

The complaint sets forth eleven causes of action, the first being for goods sold and delivered by plaintiff to White and Johnson, a copartnership, and to the White and Johnson Construction Company, a corporation. The other ten causes of action were for goods sold to, and labor performed for, the White and Johnson Construction Company, by various persons, the claims and demands sued upon having been duly assigned to the plaintiff.

R. A. White and A. L. Johnson, as copartners, under the firm name of White and Johnson, were doing business on August 7, 1922, and continued to do business as such copartnership until October 7, 1922, when the copartnership was dissolved and the copartners incorporated under the name of the White and Johnson Construction Company, the corporation taking over the assets, business, and contracts of the copartnership.

On August 7, 1922, the state of Colorado, acting through its state highway engineer, entered into a written contract with the firm of White and Johnson for the construction of federal aid project No. 226-A, consisting of a concrete paving project something over eight miles in length, beginning about three and a half miles north of Brighton, and extending northward through Fort Lupton. White and Johnson, for an agreed price, were to furnish all material and perform all the labor necessary for the full completion of the project. This work will be herein designated as project A. The firm of White and Johnson, with the defendant as surety, on August 7, 1922, entered into and executed to the state of Colorado, a certain bond in the sum of $219,300, for the performance of the contract, which bond was duly accepted and approved, and conditioned that if White and Johnson "shall and will at all times well and faithfully discharge his or their duties under said contract and shall and will perform all the obligations thereof, and shall and will indemnify and save harmless the state of Colorado, and all persons whomsoever from any and all damage or loss, which the said state of Colorado or any other persons whomsoever may or shall suffer by reason of the default of the contractor in the performance of this contract, or by reason of any neglect or carelessness, act, or omission on the part of said contractor, his agents, servants, or employees, or any of them, in the performance of this contract, and shall and will indemnify and save harmless the employees, laborers, material men and all holders of just claims against the said principals, arising out of the performance of this contract, against the failure of the said principals to pay them all sums due them, and shall and will indemnify and save harmless the said state of Colorado, to the extent of any and all payments in connection with the carrying out of said contract which the said principals may be required to make under the law, and shall and will in all respects keep and comply with the provisions

of the law of said state protecting and securing the claim of laborers, subcontractors, and material men, and save said state of Colorado harmless therefrom, then and in that event these presents shall become void, otherwise to be and remain in full force and effect.''

On or about June 26, 1923, the White and Johnson Construction Company entered into a written contract with the state, through its engineer, by the terms of which for an agreed consideration the Construction Company agreed to furnish all material and do all work necessary for the construction and completion of federal aid project No. 226-B, which consisted of a paving project something over two miles in length, extending north and south of Platteville. This will be designated herein as project ''B.'' The White and Johnson Corporation, with defendant as surety, entered into a certain bond in the sum of $81,800 for the performance of said contract, which was approved and accepted by the state, and conditioned that if the White and Johnson Construction Company ''shall at all times duly and faithfully discharge his or their duties under said contract, and shall duly and faithfully perform all the obligations thereof, and shall and will indemnify and save harmless the state of Colorado, and all persons whomsoever from any and all damage or loss which the said state of Colorado or any other persons whomsoever may or shall suffer by reason of the default of the contractor or any one acting for him as subcontractor or otherwise in the performance of this contract, or by reason of any neglect or carelessness, act, or omission on the part of said contractor, his agents, servants, or employes, his subcontractor or subcontractors, or any of them, in the performance of said contract, or any portion thereof, and if the said contractor, his subcontractor or subcontractors and each and all of them shall duly pay for all labor, materials, team hire, sustenance, provisions, provender, or other supplies used or consumed in the performance of the work contracted to be done or any part thereof, these presents shall become void, otherwise to be and remain in full force and effect.''

These bonds were set out in full in the first cause of action. The complaint alleged that all the goods therein mentioned were used by the contractors in the building and construction of the highways referred to, and further alleged "that it is impossible for plaintiff to say what portion of said goods, wares, and merchandise were delivered to the said firm of White and Johnson or to its successor the White and Johnson Construction Company, or to say how much of said goods, wares, and merchandise were used by said contractors in either one of said projects, for the reason that said merchandise was sold and delivered upon a running account between the dates aforesaid and delivered to said contractors for the uses and purposes above set out."

Trial to the court, findings and judgment in favor of plaintiff on each cause of action, and defendant brings the case here.

The court found, inter alia, "4. That although project 'A' was begun first, after the beginning of project 'B' in 1923, the work on the two projects was carried on together, and the expenditures hereinafter referred to were made upon the two projects thus carried on together and were not segregated or apportioned to either of said projects.

"6. The court finds that the amounts hereinafter allowed in each of the eleven causes of action were necessarily expended, by the White and Johnson Construction Company and by its predecessors, in the road construction of project 'A' and project 'B.' The court further finds that the total of all the expenditures, for which judgment is given in each of the eleven causes of action, were necessary in carrying on the aforesaid road construction work and necessarily went into said construction work.

"The court concludes, as a matter of law, that the above expenditures, and each of them, come within the terms of the bond given in connection with project 'A,'

and of the bond given in connection with project 'B,' and that by reason thereof defendant is liable to plaintiff, under the terms of said bond, on each of said causes of action, in the amounts above found, and that a judgment should enter herein in favor of plaintiff and against defendant in the total of the amounts thus found, together with interest thereon.''

There appears to be sufficient evidence to sustain the court's findings of fact that the White and Johnson Construction Company was incorporated by the members of the firm of White and Johnson, a copartnership, and that the corporation succeeded to and took over all the assets, liabilities, business, and contracts of the firm, including project ''A''; that the two projects ''A'' and ''B'' were carried on together after the commencement of work on project ''B'' and that the expenditures were made upon the two projects and not segregated or apportioned to either; also that the amounts allowed in the eleven causes of action were necessarily expended by the White and Johnson Construction Company, and its predecessors in the road construction of both projects.

These findings necessarily include findings that the commissary or boarding house maintained by the Construction Company for the men working on these projects was necessary for the carrying on of the work, and that none of the items of labor and material sued for went into the Fort Lupton paving job which was completed on or before July 1, 1923. These findings, supported as they are by the evidence, we cannot disturb.

Just when the work on project ''A'' was commenced, and how much labor thereon was performed, or material furnished, before October 7, 1922, when the copartnership was dissolved and the corporation organized, does not appear; but from the evidence it does appear that the merchandise sued for in the first cause of action was furnished by plaintiff between September 1, and November 10, 1922, or a portion to the copartnership and the

remainder to the corporation, and must have gone into the construction of project "A," as project "B" was not contracted for until June 26, 1923. There was evidence that the merchandise and labor sued for in the other causes of action were furnished by the claimants to the corporation between May 7, 1923, and February 1, 1924; that after the second contract was made, the work proceeded on both projects as though they were but one.

Defendant contends that plaintiff sued in its own name on the first or common law bond without authority of law, and claiming for things not comprehended by the bond; that the bond guarantees payment of only labor and material claims.

With this we do not agree. The claimants are the real parties in interest, and although the state is the obligee, the bond is conditioned that White and Johnson "shall and will indemnify and save harmless  *  *  *  all persons whomsoever from any and all damage or loss" which they may sustain by reason of the default of the contractors, and "shall and will indemnify and save harmless the employees, laborers, material men, and all holders of just claims against the said principals arising out of the performance of this contract against the failure of the said principals to pay them all sums due them."

The language is plain, and we perceive no reason why plaintiff may not maintain the suit, nor why the bond is not sufficiently all-embracing to include the things sued for in this action.

Defendant further contends that plaintiff cannot recover on the statutory bond given to secure the performance of the contract for project "B" because it did not institute suit thereon within the time required by the statute. There was evidence tending to show that the defendant Surety Company took over this work from the contractors in February, 1924, and completed project "A" about the middle of the summer of 1924, and project "B" some time in the fall of that year.

The amended complaint was filed September 18, 1924. The statute provides that anyone whose claim has not been paid by the contractor may commence an action to recover the same at any time within ninety days following the date fixed for final settlement. From this it would appear that the action was commenced within the time required. Moreover, it does not appear that this statute, or any statute of limitations was pleaded in the answer, and no evidence was offered to show that the action was not commenced within the time required by the statute. The presumption is that it was.

The important and controlling question is: In the circumstances of this case can the plaintiff recover on the two bonds notwithstanding that they were executed at different times, one with a copartnership and the other with a corporation, and plaintiff being unable to specify what part or portion of the labor and material went into the construction of project "A" and what portion into the construction of project "B"? Defendant insists that this question should be answered in the negative.

From the record it appears that the Surety Company must have had knowledge of how the work on the two projects was being carried on; that after October 7 the work was being done by the White and Johnson Construction Company; that the latter company took over the contract of the copartnership for the construction of project "A"; that after June 26, 1923, the work on both projects was being done by the construction company; that the bills sued upon, incurred after October 7, were contracted by the latter company, and of all other matters connected with or concerning the work on the two projects.

As it would have been impossible for the claimants to have followed the items of material and labor into each project, we must say, if we adopt defendant's theory, that notwithstanding the material and labor for which this action was brought were furnished and supplied by the claimants to be used in the construction of these proj-

ects, and were actually used therein, yet they must lose all because they were unable to segregate the material and labor which entered into one of the projects from those which went into the other. In other words, we should hold that it was, in the circumstances shown in this case, the duty of the materialman and laborer to protect and save harmless the Surety Company rather than that the Surety Company should, notwithstanding the broad terms of its bond, perform that service for them.

The Surety Company is liable upon both bonds, and as between it and the claimants it is wholly immaterial whether it discharges that liability by payment under one bond, or the other, or both. It can be concerned only with the question of its right of recovery against the principals. It doubtless has its remedy against the principals, but whether it has or not we should not deny claimants the right to recover only because of their inability to segregate.

We do not think that the following cases cited by defendants, *Barnes v. C. S. & C. C. D. Railway Co.,* 42 Colo. 461, 94 Pac. 570, and *Olson v. Model Land & Irrigation Co.,* 75 Colo. 221, 225 Pac. 259, sustain defendant's contention, even if they are at all applicable to the facts in the instant case.

We have examined the entire record with care and fail to find any reversible error therein.

The judgment should be affirmed. Affirmed.