Tully v. Beaubien.

## TULLY v. BEAUBIEN.

1. DUBUQUE CITY COURT: "PROCESS." The word "process," occurring in section 31, chapter 210, laws of the Sixth General Assembly, (1857,) includes original notice in actions commenced in the Dubuque City Court; and the service of such notice in an action commenced in said court by the sheriff, is valid.

*Appeal from Dubuque City Court.*

THURSDAY, DECEMBER 15.

*Wilson, Utley & Doud* for the appellants, cited the Const. art. 5, section 8; *Nichols* v. *The Burlington & Louisa Plank Road Company,* 4 G. Greene 42 , 3 Bouv. Inst. 187.

*Jennings* and *Griffith & Knight* for the appellees. (No brief. on file.)

WRIGHT, C. J.—The 31st section of chapter 210, laws of 1857, provides that the process of the city court of Dubuque may be served by the marshal of said city, or any sheriff. In this case the original notice was returned served by the sheriff, and judgment by default rendered against the defendant. He appeals and assigns for error that the sheriff had no power to serve this notice, for the same reason that it is not *process,* within the meaning of the section cited.

If we give the word process, as here used, the meaning claimed for it by appellant, to-wit: a writ issued out of a court, attested by the signature of the clerk and the seal of the court affixed, commanding obedience and enjoining a

penalty for disobedience of its precept, we say if we are to give it this meaning, then the original notice is not a process and the sheriff, as such, had no power to serve it.   We can not believe however that it was used in this sense, or is to have this construction.

A sheriff, by our law, is expressly authorized to serve the original notice, in cases commenced in the District Court. The first part of the section referred to gives to the marshal in said court, the same powers, as are given to the sheriff in the District Court; and then follows the authority to him and the sheriff to serve process.   Now the language of an act and particular words used, must be construed with reference to their connection, and the purpose and object in view in enacting the same.   One purpose of the act under consideration was to establish a city court, and to provide for the transaction of business therein.   Before causes could be adjudicated, parties must be brought before the court, by proper service.   And yet if the sheriff can not serve the notice which brings the defendant into court, neither can the marshal, for if it is not *process* in the sheriff's hand, neither is it in the marshal's.   It can not be supposed however that these officers were given power to serve only writs issuing under the seal of said court, executions and the like, and yet have no power to serve the writ, or notice, of all others the most essential to the transaction of business therein. For if they cannot serve such a notice, then no person can in his official capacity, and the court has no means of obtaining service of the same.

Process as used in this section must be understood with reference to the character of our general practice, and the manner of bringing parties into our court, and not in its technical common law sense.

Judgment affirmed.