BRYDOLF v. WOLF, CARPENTER & Co.

| 32 | 509 |
| 89 | 523 |

Original notice: SERVICE: ON PARTNERS. The service of an original notice in an action on the wife of one of the partners of the firm is not sufficient as a service on the firm. Section 2816 of the Revision providing, that when the defendant is sued individually, and not found within the county, service may be made by leaving a copy of the notice at his usual place of residence with some member of the family, does not apply.

*Appeal from Davis Circuit Court.*

TUESDAY, OCTOBER 24.

THE defendants, Wolf, Carpenter & Co., a partnership by that name and style, were sued in the firm name. The original notice was served on the wife of Wolf, one of the partners, but not on any of the members of the firm personally, nor upon any agent of the firm. A default was entered against the partnership upon this service, and upon

their motion, at the same term, it was set aside, from which ruling plaintiff appeals.

*M. H. Jones, S. S. Carruthers* and *Nourse & Kauffman* for the appellant.

*E. L. Burton* and *J. B. Weaver* for the appellees.

MILLER, J. — The question pesented is, whether the service of the original notice upon the wife of one member of the partnership was or was not good service upon the firm?

When an *individual* is sued the notice must be served by reading it to him and by delivering him a copy, or by offering to read it to him, etc. Or in case he be not found within the county of his residence, it may be served by leaving a copy of the notice at his usual place of residence, with some member of his family over fourteen years of age. Rev., § 2816.

In an action against a partnership, the statute provides, that "service may be made upon any member of the firm or upon any agent employed in the general management of the business of the partnership." Rev., § 2826. A service upon one partner is good service on the partnership, and gives the court jurisdiction over each member, in an action against the firm. *Sanders* v. *Beatty*, 8 Iowa, 516; *Walker* v. *Clark*, id. 474; *Gregory, Tilton & Co.* v. *Harmon*, 10 id. 445.

The position of appellant is, that, inasmuch as service may be made upon any member of the partnership, under section 2826, if such member cannot be found in the county of his residence, service may be made on him by leaving a copy with a member of his family under section 2816.

This position does not seem to us to be tenable. Section 2815 provides the mode of service where the defendant is sued *individually;* service must be made upon *him*, personally, if found within the county of his residence.

If not thus found, service may be made by leaving a copy of the notice at his usual place of residence with some member of his family over fourteen years of age. This is the only section of the statute especially authorizing such secondary mode of service on a member of the defendant's family.

Service on a partnership is authorized to be made upon any member of the firm, or upon a general agent of the firm. Each member of a partnership is the general agent of the firm during the continuance of the partnership, and, in view of this, the statute provides that service upon any one of them shall be good as to the firm, or that service upon one not a member of the firm, who is an agent employed in the general management of the business of the partnership, is good also. The wife of a partner is in no sense an agent of the partnership, nor is she her husband's agent in respect to the partnership business, and the statute makes no provision for service upon any person where a partnership is sued as such, except a member of the partnership or an agent thereof. If a service upon the wife of a member of a partnership will give the court jurisdiction over the firm, then service on the wife of an agent, not a partner, will do so also, for the statute says, that service upon any member or upon a general agent of the partnership is sufficient. The same language is used in respect to an agent that is employed with respect to a member of the firm; "service may be made upon any member," "or upon any agent," etc. It will scarcely be urged that service upon the wife of an agent would give the court jurisdiction of the partnership. Such a construction would lead to absurd conclusions. For example, the statute provides that when a county is defendant, service may be made upon the chairman of the board of supervisors, or upon the county auditor. Under the construction contended for by appellant, service might be made upon a member of the family of either of these officers. So, also, in respect to

other corporations, public and private, if the officer upon whom service is by law required to be made cannot be found, service upon a member of his family of the proper age, etc., would, upon the reasoning of appellant's counsel, be sufficient. We would not be justified in extending the plain language of the statute by a construction leading to such results, and we therefore hold that the statute, in providing that "when the action is against a partnership, service may be made upon any member thereof, or upon any agent employed in the general management of their business," contemplated a personal service upon the persons named, no other persons or mode being mentioned, and that the service of the original notice in this case upon the wife of one of the partners was insufficient. The default entered upon such service was properly set aside, and the order is

Affirmed.