KLINGEL v. PALMER ET AL.

1. **Jurisdiction:** JUSTICE OF THE PEACE: PARTY IN ANOTHER COUNTY. In an action upon a note by its terms made payable in a township named therein, a justice of the peace of such township has jurisdiction of the maker who resides and is served with notice in another county.

*Appeal from order of Circuit Judge, Tenth Judicial District.*

THURSDAY, DECEMBER 16.

THE plaintiff filed in the Circuit Court of Howard county a petition for an injunction, restraining the enforcement of a judgment, rendered by H. S. Bronson, a justice of the peace

of Wakefield township, Fayette county, upon a note for $62.50, executed by plaintiff, payable to the Fayette Home Insurance Company or bearer, at Fayette, Fayette county.

At the time of the commencement of said action plaintiff was a resident of Howard county, and the original notice was served upon him at Cresco, in Howard county.

A transcript of said judgment was filed in the Circuit Court of Fayette county, and a transcript therefrom was afterward filed in the office of the clerk of the Circuit Court of Howard county, and an execution was issued thereon and placed in the hands of the sheriff. A temporary injunction was ordered, and afterward, upon answer and affidavit of the defendants, this injunction was dissolved. The plaintiff appeals.

*H. C. McCarty*, for appellants.

*A. M. Childe* and *W. A. Hoyt*, for appellee.

DAY, J.—Although the abstract does not show, yet the argument of appellant seems to concede, that Fayette, where the note was made payable, is in Westfield township, in which the judgment was rendered. The only question, therefore, presented for determination is the following: Upon a note stipulating for payment in the township where a justice of the peace resides, has he jurisdiction over the person of the maker, in an action upon the note, who resides, and is served out of the county in which the action is brought?

"The jurisdiction of justices of the peace, when not specifically restricted, is coextensive with their respective counties, but does not embrace suits for the recovery of money against actual residents of any other county, except as provided in section three thousand and five hundred and thirteen of this chapter." Code 1873, section 3507. "Suits may in all cases be brought in the township where the plaintiff or defendant, or one of several defendants, resides." Code section 3509. "They may also be brought in any other township, of the same county, if actual service on one or more of the defendants is made in such township." Section 3510.

"If none of the defendants reside in the State, suit may be commenced in any county and township wherein either of the defendants may be found." Section 3512.

"On written contracts, stipulating for payment at a particular place, suit may be brought in the township where the payment was agreed to be made." Section 3513.

It will be observed that section 3510 authorizes a suit in any township in which a defendant may be found, provided it be in the county of his residence. Section 3512 authorizes a suit in any township where the defendant may be found, provided he be a non-resident of the State. Sections 3507 and 3513 must be construed together, and upon their meaning depends the validity of the judgment in question. Section 3507 provides by necessary implication, that the jurisdiction of a justice of the peace does extend to suits for the recovery of money, against an actual resident of another county, under certain circumstances, and for the circumstances authorizing such action reference is made to section 3513. To this section, then, we must look for a statement of the conditions under which such jurisdiction exists.

This section provides that, "On written contracts, stipulating for payment at a particular place, suit may be brought in the township where the payment was agreed to be made."

It would seem to be a natural inference from these sections, that whenever the defendant resides in any county in the State, and has made a written contract stipulating for payment at a particular place, suit may be brought in the township where such place is situated. Appellant claims that this cannot be done, unless the defendant is found and actually served in the township where the suit is brought. We cannot so construe the statute without incorporating an important proviso or condition into section 3513. If the legislature intended that, in order to the maintenance of an action in the township where payment is stipulated to be made, it should be necessary that service of notice be had in such township, it certainly would have so said. Sections 3510 and 3512 contain this limitation, and the fact that it is omitted from the section

under consideration is, it seems to us, conclusive against its existence.

Appellant refers to section 3631 of the Code, providing that "no process can issue from a justice's court into another county, except when specially authorized," and urges that sections 3507 and 3513 cannot, by implication, authorize what 3631 expressly prohibits. But the original notice can, in no proper sense, be termed process within the meaning of this section. Process proceeds or issues from a court. The original notice may be signed by the plaintiff him-self. Code, section 3519, article 5, section 8 of the constitution, provides that the style of all process shall be "The State of Iowa." It is not required that such should be the style of an original notice. Sections 3518–3520, Code.

We feel satisfied that the justice who rendered the judgment in question acquired jurisdiction of the person of plaintiff by service of notice in Howard county, and that the injunction was properly dissolved.

AFFIRMED.