## SLEMMER v. WRIGHT.

1. **Attorney:** MISCONDUCT OF: SUSPENSION FROM PRACTICE. Facts considered which were held to justify the suspension of an attorney for fraud and deceit practiced toward his clients.

*Appeal from Black Hawk District Court.*

SATURDAY, JUNE 19.

THIS is a proceeding for the revocation of the defendant's license to practice as an attorney. He pleaded guilty to certain charges and specifications. Upon this plea the court suspended the defendant from the practice of his profession for the period of two years from November 15, 1879, giving him the privilege of moving for a modification within six months from November 15, 1879, upon showing that the claim

against him has been paid. The court further ordered that, if no such motion for modification is made before the expiration of said two years, the suspension be perpetual, and the defendant's license be revoked. The defendant appeals.

*G. C. Wright, pro se.*

*Gray, Dougherty & Gibson* and *M. E. Billings*, for appellee.

DAY, J.—The principal specifications to which the defendant pleaded guilty are as follows: "That in 1873 defendant Wright received from John Harrison, of McHenry county, Illinois, for collection and remittance, a note for two hundred dollars, with interest, against T. C. Dean; that defendant wrote to said Harrison for, and received, $5.00, to pay costs; that defendant obtained judgment on said note by default; that defendant then wrote to said Harrison for, and did receive from him, $100 more to buy in property on sale, as defendant informed said Harrison; that prior to March 1, 1874, defendant Wright collected all of said judgment, interest and costs, which, together with the money sent defendant by Harrison, amounts to about $437.96, which defendant Wright received as the attorney of said Harrison; that on or about the 23d day of February, 1874, defendant forwarded to said Harrison $200 of said $437.96; that from that time said Harrison repeatedly wrote to said Wright for the balance, and finally, about May, 1875, wrote to Mr. Hooker, asking him to call on defendant Wright for an answer to his letter, and said defendant Wright wrote and forwarded to said Harrison a letter as follows, to-wit:

1. ATTORNEY misconduct of: suspension from practice.

"'WAVERLY, May 3d, 1875.

"'JOHN HARRISON, ESQ.:

"'*Dear sir*—I believe I have answered every letter I received from you, notwithstanding Mr. Hooker informs me that you wrote him that you have not heard from me. I

have sent you all the money I have received.   The purchaser has not paid all up, nor has he got a deed yet.   It is time he did.   I will attend to it as soon as I get out of court, which commences to-day.                    Yours, &c.,

                              " ' G. C. WRIGHT.'

" That the statements contained in said letter were false, all of said money having been in the hands of defendant Wright, when he wrote said letter, for over a year and three months, said letter having been written by defendant Wright to deceive his client in order that he might retain said money of his client by fraud.

" That on or about the 13th day of May, 1874, defendant received from J. Brown of Mankato, Minnesota, who was attorney for Colin McBeth, a note and mortgage owned by said McBeth, to foreclose, collect and remit to said Brown, said mortgage being against Timothy Downing of Waverly, Iowa; said mortgage provides for twenty-five dollars attorneys' fees; that defendant wrote for and received from Brown and McBeth $7.00 to pay costs; on or about the 29th day of December, 1874, defendant, Wright, received the full sum of principal and interest on said mortgage, amounting to $115.65, together with costs and $25 attorneys' fees, or $147.65 in all, as the attorney of said Colin McBeth.

" That said defendant never remitted any part of said sum to said Brown or McBeth, although the same was repeatedly demanded of him, but that defendant told Gray, Dougherty & Gibson, when they made such demand for said McBeth, that the same had been paid; that defendant retained all of said sum until Brown and McBeth came from their home in Minnesota to Waverly, Iowa, in November, 1875, and this defendant, Wright, said that he had paid the sum, or quarter part thereof, to Mrs. Kraner, on the written order of McBeth and the verbal order of McBeth, but when Mr. McBeth was brought in, defendant, Wright, no longer made such claim, but paid over of the same $115, and promised to pay $10

more in less than ten days; that all of said false statements made by defendant, that he had paid said money, were made to deceive his client, to the end that he might keep the said money and defraud his client.

"That about the year 1867, defendant, Wright, received of Mrs. Sarah Secord a note signed by Cyrus Montgomery, for $200, interest at ten per cent, dated about October 1, 1865, due in one year, for collection and remittance to said Secord; that defendant has either collected said note and converted the same to his own use, or retains the same and neglects and refuses to deliver the same to Mrs. Secord, although repeatedly demanded of him; that the amount due on said note is $400 and over.

"That said G. C. Wright collected and converted to his own use, *and still retains*, and refuses to pay over, about three hundred dollars belonging to one Rufus Conable, a client of said G. C. Wright, and that said money was so collected and converted and is *still retained* by said G. C. Wright with intent, upon the part of said G. C. Wright, to deceive and defraud said Rufus Conable and to deceive and defraud the court. And that said G. C. Wright collected for one Judge Thomas F. Davidson, of Covington, Indiana, a client of said G. C. Wright, about $200, and that he converted and appropriated to his own use, and *still retains*, upward of $100 of said money, and that said money was so appropriated and converted by the said G. C. Wright with intent, upon his part, to deceive and defraud his client, the said Judge Thomas F. Davidson, and to deceive and defraud the court."

Section 212 of the Code provides: "An attorney and counselor who is guilty of deceit or collusion, or consents thereto, with intent to deceive a court, or judge, or a party to an action or proceeding, is liable to be disbarred, and shall forfeit to the injured party treble damages, to be recovered in a civil action."

The defendant has pleaded guilty to a charge of making

false statements to his clients to deceive them, in order to retain their money by fraud. That it was not only compe- tent for, but the duty of, the court to suspend him from prac- tice under the facts disclosed, is too clear to warrant any dis- cussion. The office of an attorney is one of great confidence, and it ought to be one of the strictest integrity. The action of the court below is by us fully approved.

                                                          AFFIRMED.