BROWN v. DAVIS, SHERIFF, ET AL.

1. **Jurisdiction**: JUSTICE'S COURT: CONSENT OF PARTIES. Where the makers of a note for more than $100 consented by writing in the body of the note that judgment might be taken thereon before any justice of the peace in Dallas county, *held* that, although the note was payable in Polk county, yet, as a justice of the peace could have jurisdiction only by consent, and as the consent was limited to justices of the peace in Dallas county, a judgment rendered on the note by a justice of the peace of Polk county was void for want of jurisdiction, and that execution thereon was properly enjoined.

2. ——: ——: PRESUMPTION IN FAVOR OF. While it may be conceded that, under section 3669 of the Code, a decision of a justice of the peace that he has jurisdiction is presumed to be right till the contrary is shown, yet when, as in this case, it appears on the face of the record that he had not jurisdiction, the presumption is rebutted.

*Appeal from Polk Circuit Court.*

SATURDAY, OCTOBER 21.

THE plaintiff prays a writ of injunction to restrain the enforcement of a judgment, rendered by C. H. Turner, a justice of the peace of Des Moines township, Polk county, for three hundred dollars and costs, upon a note purporting to be executed by the plaintiff and J. M. Link, Hampton Horton

and L. F. Nicholls, a transcript of which judgment was filed in the office of the clerk of the Circuit Court of said county. The petition alleges that at the time of the rendition of said judgment all the defendants therein resided in the counties of Dallas and Madison, and that the justice who entered said judgment had no jurisdiction in the premises. A copy of the note upon which the judgment was entered is attached to and made a part of the petition. Upon the presentation of the petition to the court a temporary injunction was granted.

Afterward the defendants demurred to the petition, and moved the court to dissolve the temporary injunction. The demurrer and motion were overruled, and, the defendants refusing to further plead, the injunction was made perpetual. The defendants appeal.

*Macy & Sweeny*, for the appellant.

*John Leonard*, for the appellee.

DAY, J.—The note upon which the judgment in question was recovered, omitting the signatures, is as follows:

" No. 14972.   $225.   DATED, DES MOINES, AUGUST 8, 1877.

"On or before the first day of December, 1879, for value received, we or either of us, of De Soto postoffice, county of Dallas, State of Iowa, promise to pay to the Aultman & Taylor Company or order, two hundred and twenty-five dollars, payable and negotiable without offset at the office of Elliot & Randall, with interest at ten per cent per annum until paid; and if the whole or any part remains at maturity, ten per cent attorney's fee to be due as soon as placed in attorney's hands for collection, and we consent that the same shall be entered up as part of the judgment: without relief from the appraisement, stay or exemption laws. We also expressly covenant and agree that the title to the Aultman & Taylor machine, for which this note is given, shall remain in the Aultman & Taylor company until the note is fully

paid. The drawer and indorsers severally waive presentment for payment, protest and notice of protest and non-payment of this note. We also consent that judgment may be taken upon this note before any justice of the peace in said county.

If this note is paid in full when due a discount of dollars is to be made from the amount then due.

Dealers' names: Elliot and Randall.

Dealers' postoffice: Des Moines."

The note sued upon, it may be conceded, is payable at Des Moines, thus conferring upon a justice of the peace in the township in which Des Moines is situated, territorial jurisdiction in a suit brought upon the note. Code, § 3513. *Klingel v. Palmer*, 42 Iowa, 166. No justice of the peace anywhere, however, could have jurisdiction over the amount due upon the note in controversy, unless by consent of parties. Code, § 3508. As the makers of the note could have declined to consent that any justice of the peace should have jurisdiction over the amount of the note, it follows that they might limit this assent to a particular justice or to a particular class of justices. No justice of the peace of Polk county, without the consent of the makers of the note in question, could have jurisdiction of an action brought to recover the amount. If, then, Turner had jurisdiction to render the judgment in question, it can be predicated upon no other ground than that the makers of the note agreed that a justice of the peace of Polk county should have jurisdiction.

The portion of this note material to this controversy is as follows: "We, or either of us, of De Soto postoffice, county of Dallas, State of Iowa, promise to pay to the Aultman & Taylor Company, or order, two hundred and twenty-five dollars. * * * We also consent that judgment may be taken upon this note before any justice of the peace in said county." No county is named in the note but the county of Dallas.

The consent that judgment may be taken before any justice of the peace of said county can have no other meaning

than that judgment may be taken before any justice of the peace of Dallas county. This clearly confers no jurisdiction upon a justice of the peace of Polk county. Appellant insists that the judgment of the justice finds that consent was given to the extent of three hundred dollars, and that the plaintiff could avail himself of an error in the finding only by appeal. The justice's judgment simply recites that " plaintiff filed for suit a promissory note executed by defendants for two hundred and twenty-five dollars, with interest and attorney's fees, and giving justice of the peace jurisdiction to extent of three hundred dollars." It is thus apparent that the consent relied upon in the judgment is only that contained in the note which was sued upon. Appellant relies upon section 3669 of the Code, which provides that " The future proceedings of all officers and of all courts of limited and inferior jurisdiction, within this State, shall like those of a general and superior jurisdiction be presumed regular, except in regard to matters required to be entered of record, and except where otherwise expressly declared."

Under this section, however, a court of inferior jurisdiction cannot acquire jurisdiction over a subject matter, by simply declaring that it has such jurisdiction. In *Pursly v. Hayes*, 22 Iowa, 11 (33), it is said: " If jurisdiction has once attached, then the presumption obtains in favor of all the subsequent proceedings, and mere irregularities or defects will not avail collaterally. * * * The right to decide is one thing and the decision itself is quite another. For the right to decide arises only when there is jurisdiction, and, unless it exists, no right can follow from it." It may be conceded that, under section 3669 of the Code, a decision of a justice of the peace that he has jurisdiction is presumed to be right until the contrary is shown. *Church v. Crossman*, 49 Iowa, 444 (449). But in this case the justice based his decision upon the consent given in the note, which, as we have seen, did not confer jurisdiction upon him. The presumption in favor of the justice's jurisdiction is therefore rebutted. A judg-

ment of a justice in an action in which the amount claimed exceeds one hundred dollars is a nullity. *Galley v. County of Tama*, 40 Iowa, 49.

It appears upon the face of the judgment in question, ·in connection with the note upon which the judgment was rendered, that the justice, without the assent of the maker of the note, rendered judgment for three hundred dollars and costs. Under the authorities above cited, we think this judgment must be treated as a nullity. The demurrer to the petition and motion to dissolve the temporary injunction were properly overruled.

AFFIRMED.