LINZA ELLIS, Appellant, v. EDWARD CARPENTER *et al.*, Appellees.

1. **Highways**: ESTABLISHMENT: APPEAL FROM DECISION OF BOARD OF SUPERVISORS: NOTICE: SUBSTITUTED SERVICE. Under section 959 of the Code, providing that, in appeals to the district court from the decision of the board of supervisors establishing a highway, "notice shall be served on the four persons first named in the petition for the highway," personal service is required; and where notice of appeal was personally served upon three of such persons, and the fourth not being found, a copy of the notice was left at his usual place of residence with a member of his family over fourteen years of age, *held*, that the appeal was properly dismissed, although the person so served learned of the notice, and appeared in court for the purpose of objecting to the sufficiency of the service.

2. ———: ———: ———: RIGHT TO WITHDRAW APPEAL. The plaintiff's appeal having been dismissed, *held*, that the defendants, who had also appealed from the decision of the board, were properly permitted to withdraw their appeal.

*Appeal from Mahaska District Court.*—HON. J. K. JOHNSON, Judge.

WEDNESDAY, OCTOBER 18, 1893.

THIS is a proceeding to establish a public highway. The petition praying the establishment of the highway was signed by some forty-three persons, and was filed

with the auditor of the county. The proposed highway ran along the line of the plaintiff's farm, and occupied some forty feet in width thereof. He filed a claim for damages. Commissioners were appointed, and his damages were assessed at one hundred and sixty dollars. The matter was heard by the board of supervisors, and the road was ordered established upon condition that the petitioners pay the damages. The plaintiff attempted to appeal from the award of damages, and the petitioners for the road also appealed. The plaintiff's appeal was dismissed, and afterwards the appeal of the petitioners was, on their motion, dismissed. The plaintiff appeals to this court.—*Affirmed.*

*Bolton & McCoy*, for appellant.

*Haskell & Greer* and *John F. & W. R. Lacey*, for appellees.

Rothrock, J.—I. The appeal of the plaintiff was dismissed for the reason that no proper notice of the appeal was served, and that, because of the failure to make proper service, the district court had no jurisdiction of the case. The notice and service thereof in such cases is prescribed by section 959 of the Code, which is as follows:

1. HIGHWAYS: establishment: appeal from decision of board of supervisors: notice: substituted service.

"Any applicant for damages claimed to be caused by the establishment of any highway, may appeal from the final decision of the board of supervisors to the circuit (district) court of the county in which the land lies; but notice of such appeal must be served on the county auditor within twenty days after the decision is made. If the highway has been established on condition that the petitioner therefor pay the damages, such notice shall be served on the four persons first named in the petition for the highway, if there are that many who reside in the county."

The four persons first named in the petition were Edward Carpenter, J. A. Baitsell, C. D. Randall, and Daniel Monk. The service of the notice of appeal, as shown by the return of the sheriff, was as follows:

"I hereby certify and return that this notice came into my hands September 22, 1891, and on September 24, 1891, I served the same personally on J. A. Baitsell, Ed. Carpenter, and Daniel Monk, by reading the same to them, and delivering to them a true copy thereof. Said defendant C. D. Randall not being found, I served the same by leaving a copy hereof with Sarah Randall, a member of his family over fourteen years of age, at his last and usual place of residence, in Mahaska county, Iowa, September 24, 1891."

It will be observed that the service on C. D. Randall was not made upon him personally but by leaving a copy with his wife. The court below was of the opinion that said service was not sufficient. The statute does not authorize service in that manner. When service is required, it means personal service. There is no authority for adopting the substituted service provided for in the service of an original notice in that action.

It is true that Randall learned of the fact very shortly after the notice was left with his wife, and he appeared in the district court, and joined with the other petitioners in a motion that the appeal be dismissed because there was no proper service of the notice of the appeal on him. An appearance for the purpose of objecting to the jurisdiction of the court because the notice of the appeal was not served within the time required by statute did not confer jurisdiction. *Spurrier v. Wirtner*, 48 Iowa, 486, 487. In *Brydolf v. Wolf*, 32 Iowa, 509, it was held that a service of an original notice on the wife of one of the partners of the firm is not sufficient as a service on the firm. The same rule should apply in a case like this. The first four persons

who signed the petition are representatives of all the others, and of the public. It is necessary to serve them with notice of the appeal in order to confer jurisdiction on the district court. Suppose that the notice had been served on the wife of the auditor. No one would claim that the court had jurisdiction by such service. The record, as made up, must show jurisdiction, and it appears to us that it is just as essential that the four persons who first signed the petition be personally served as that the auditor be so served. The jurisdiction should appear upon the face of the record, and not be left to an investigation to determine whether the persons to be served received a notice by being left with some third person, or by being sent by mail or otherwise.

There is nothing in the views above expressed inconsistent with the opinion in the case of *Brown v. Petrie*, 86 Iowa, 581. That was. a proceeding before the township trustees to apportion the parts of a division fence that the plaintiff and the defendant should build and maintain. The service of the notice of the proceeding was made on the defendant's wife. The award of the board was made, and the defendant complied, mainly, therewith, and built nearly all of the part of the fence assigned to him; and, when an action was brought to recover for the small part not built by the defendant, it was held that, as there was no direct attack on the award, the defendant would not be permitted to question it, without showing that he had no knowledge of the proceeding. It will be observed that the notice required in that case was in the nature of a notice in an original action, or rather in a special proceeding. In the case at bar, as we have said, the record should show on its face that an appeal was taken.

II. Complaint is made because the petitioners for the highway were permitted to withdraw their appeal.

2. —: —: —:
right to with-
draw appeal.

They had the undoubted right to do so. We know of no case in which the appellant has not the right to abandon his appeal taken from an inferior court to a court having appellate jurisdiction. The judgment of the district court is AFFIRMED.