STATE OF IOWA, Appellee, v. CHARLES B. KAUFMANN, Appellant.

**ATTORNEY AND CLIENT:** Suspension and Disbarment—Appeal—Permissible Record. On appeal from an order of disbarment, the State has the right to present the entire record, even though it embraces testimony relative to charges on which the accused was *acquitted.*

**ATTORNEY AND CLIENT:** Suspension and Disbarment—Solicitation of Business. The solicitation of business by attorneys and the working up of legal controversies are unprofessional, and violate all the ethics of the profession.

Headnote 1:  6 C. J. p. 611 (Anno.)   Headnote 2:  6 C. J. p. 598.

*Appeal from Scott District Court.*—W. W. Scott, Judge.

JUNE 21, 1926.

The defendant appeals from the order and judgment of the court suspending his right to practice law in this state for three years, commencing January 1, 1924.—*Affirmed.*

*J. C. France,* for appellant.

*J. W. Bollinger, W. M. Chamberlin,* and *A. W. Hamann,* for appellee.

STEVENS, J.—I. Appellant was admitted to the bar in this state in 1913, and during the following year opened an office for the practice of his profession in the city of Davenport, under the name of Kaufmann & Willis, and continued the practice of his profession until the order and judgment of the court complained of was entered. The proceedings were instituted by a committee of the Scott County bar, appointed by the district court upon the complaint of the grievance committee of the bar association of that county. The complaint also involved Willis. The investigation made by the committee appointed by the court resulted in the filing of charges, alleging various grounds for the disbarment of appellant and Willis, in the Scott County district court, May 28, 1923. The charges comprised ten separate and distinct specifications of professional dishonesty or unprofessional conduct. Much testimony was offered upon both sides in support and denial of the charges preferred. Both defendants were found guilty of Charge No. 1, and Kaufmann was found guilty upon one additional charge. Judgment of acquittal was entered to all the remaining charges. Willis has not appealed.

Charles B. Kaufmann appealed from all the adverse rulings of the court, and the plaintiff has filed a cross-appeal, asking a review also of the various charges of which appellant was acquitted. A motion has been filed in this court to dismiss the cross-appeal, upon the ground that, under Section 10936 of the Code of 1924, no appeal may be taken by the State from a judgment of acquittal. The abstract of appellant is limited strictly to the testimony relating to the charges upon which a

1. ATTORNEY AND CLIENT: suspension and disbarment: appeal: permissible record.

conviction was had. The abstract filed on cross-appeal includes the testimony relating to the remaining charges.

Proceedings for the disbarment of attorneys are special in their nature, and quite unlike those in ordinary or equitable actions. The ultimate question to be decided is always the fitness of the accused to retain his license and to practice the profession of the law. The statute provides that, on appeal, the original papers, together with a transcript of the record, shall be transferred to the Supreme Court, to be there considered and finally acted upon. It was proper for the State to file a transcript or abstract of the record, in order that the court might have all of the sworn testimony before it. The theory of appellant that he could, by electing to appeal from only such part of the record as he desired, limit the right of the State, under the statute, to present the whole record for the consideration of the court, cannot be sustained. It is, therefore, unnecessary to rule upon the motion to dismiss.

II. The charges as a whole alleged serious misconduct on the part of appellant. The first charge upon which appellant was convicted is based upon a transaction between himself, Willis, and one Clara Courtney. Appellant and Willis were employed by her to prosecute an action in the district court of Scott County. A trial thereof resulted in a judgment in her favor in the sum of $797.79. This judgment was paid to the clerk of the district court, and, on November 10, 1919, the proceeds were receipted for by ''Charles B. Kaufmann, by E. C. Willis.'' Mrs. Courtney did not learn of the payment of the judgment until a year later. Nothing was paid to her by appellant until March, 1921. Mrs. Courtney testified that she had repeated conversations with Willis and two conversations with appellant. Willis repeatedly informed her that the case was still pending, that a demurrer had been filed, and that an appeal was probable, and gave other excuses for the delay, but did not inform her that the judgment had been paid and the money receipted for in appellant's name. Mrs. Courtney further testified that, when she finally secured an interview with appellant, he informed her that the money had been paid to someone else by mistake. This he denies. She testifies that he then offered her $400 in settlement, claiming that he was to have one half of the recovery as fees. This she denied, and refused a settlement on

that basis. Nothing was paid, in fact, until proceedings in the district court against appellant were threatened. It should be said in this connection that the case was not tried by appellant, and that he did not personally participate therein. Willis testified that, when he received the proceeds of the judgment from the clerk, he turned the checks, two of them, over to appellant's bookkeeper. While the evidence is in conflict as to the part taken by appellant in the transaction, we are of the opinion that it fully sustains the conclusion of the trial court. The attitude of appellant in the matter after he knew the money had been in his possession for more than a year throws light upon his method and manner of doing business with clients. Willis was an employee only, and had no interest whatever in the proceeds of the judgment. No other reason could well be suggested for the deceit practiced by him upon Mrs. Courtney than to carry out the wishes of his employer. No satisfactory explanation was made by appellant for the failure of himself or his employee to pay the money to the client.

III. The other charge which was sustained by the court accused appellant of the solicitation of clients and business. The evidence on this point tended to show that the solicitation of business, if it occurred, was conducted under

2. ATTORNEY AND CLIENT: suspension and disbarment: solicitation of business.

the name of the Wholesalers & Manufacturers Trade Exchange, a corporation located in an office adjoining that of appellant. Appellant was the attorney for the corporation, for which he had prepared the articles of incorporation. He was not, however, a stockholder. The specific charge is that, on January 12, 1923, a communication prepared by himself and the secretary of the Trade Exchange was mailed to the creditors of the Feiner Fish Company, which had filed a voluntary petition in bankruptcy. The letter purported to give information as to the assets and liabilities of the bankrupt. The proofs of claim sent out had the firm name of Kaufmann & Willis indorsed thereon. The solicitation of business by members of the bar, the working up of legal controversies, and all kindred acts and conduct cannot be too severely condemned. Such conduct is unprofessional, and violates all the ethics of the profession. Evidence was introduced tending to show that solicitation of business by means of advertising and otherwise is extensively practiced by collection concerns.

To what extent this is practiced, in violation of the ethics of the legal profession, we have no occasion to consider. The evidence in this case does not show that appellant directly solicited business, but it does show that he profited by the solicitation thereof by the corporation, with knowledge of the methods employed. If the only charge against appellant were the one now being considered, we would hesitate to affirm a conviction, upon the showing made. We have read the record, and, considering it as a whole, we are convinced that the suspension of appellant's right to practice law for a period of three years is fully justified by the evidence.

Our attention is directed by counsel for appellant to the claim asserted throughout the proceedings that he is the victim of the ill will and prejudice, not to say malice, of the committee appointed to investigate his conduct. The argument on this point is not persuasive. The record does not sustain it. Numerous witnesses testified that appellant's reputation for truth and veracity is bad. Among the witnesses so testifying were two former judges of the district court of Scott County. An equal number of, no doubt, credible witnesses testified that the general reputation of appellant for truth and veracity is good. It is a matter of common knowledge that members of the legal profession are reluctant to complain of misconduct on the part of their brethren, even when it is known to exist. The sole question, however, for this court to determine is: Does the evidence sustain the finding and judgment of the trial court? The duty of lawyers to maintain the strictest good faith and integrity under all circumstances, in dealing with clients, and with other members of the bar, and in their relations to the court, is upheld by all canons of ethics and moral considerations. In our opinion, the punishment imposed is adequate, and the conviction of appellant is sustained by the evidence and by the decisions of this court. *State v. Mosher,* 128 Iowa 82; *Slemmer v. Wright,* 54 Iowa 164; *Prouty v. Bullard,* 77 Iowa 42; *State v. Rohrig,* 159 Iowa 725; *State v. Howard,* 112 Iowa 256; *State v. Johnson,* 149 Iowa 462; *In re Disbarment of Hunt,* 201 Iowa 181.

The judgment is affirmed.—*Affirmed.*

All the justices concur.