R. R. SCHROEDER, Administrator, Plaintiff, v. DISTRICT COURT OF IOWA IN AND FOR BENTON COUNTY et al., Defendants.

No. 40923.

DECEMBER 17, 1931.

Victor Vifquain and Hatter & Harned, for plaintiff.

R. S. Milner, L. D. Dennis, and W. J. Barngrover, for defendants.

MORLING, J.—The administrator's contention is that the attorney for the claimant was incompetent to make the service because the statute. (Section 11959) prescribes that "ten days' notice of the hearing thereof (of the claim), which shall be at some regular term of the court, accompanied by a copy of the claim, shall be served on one of the executors or administrators in the manner required for commencing ordinary actions, unless the same has been approved by the executor or administrator, in which case it may be allowed by the clerk, without notice, and so entered upon the probate calendar."

Section 11058 provides:

"The (original) notice may be served by any person not a party to the action."

The administrator argues that the claimant under these sections would be disqualified from serving notice, and therefore that his attorney is disqualified.

It is to be noted in the first place that there is no statute prescribing by whom notice of hearing of claims against an estate may be served. Section 11959 provides that the notice "shall be served * * * in the manner required for commencing ordinary actions." It does not say that the notice shall be served by the person who may serve an original notice. In

Gollobitsch v. Rainbow, 84 Iowa 567, relied upon by the administrator, it was notice of issuance of commission to take deposition that was served by the attorney. The statute then provided that such notice might "be served by the same persons on the same persons, in the same manner, * * * as should be an original notice in the same cause when served other than by publication." McClain's Ann. Code, Section 4982; Code, 1873, Section 3731.

The Code of 1897 amended this section so as to provide that the notice might "be served personally upon the opposite party or his attorney of record, in the same manner as an original notice in a civil action, except by publication, or such service may be accepted by the party or his attorney." Section 4696. The Gollobitsch case was decided upon the statute then in force, which was entirely different from the statute now under consideration.

Ordinarily, actions are commenced by the service of original notice. Code, 1931, Section 11055. The argument of the plaintiff is based principally upon the general rules of law respecting the service of process. Original notice, while primarily it serves one of the purposes of common law process, that of bringing defendant into court, technically is not process. Davenport v. Bird, 34 Iowa 524; Nichols v. Burlington & L. C. P. R. Co., 4 G. Greene (Iowa) 42; Klingel v. Palmer, 42 Iowa 166; Tully v. Beaubien, 10 Iowa 187; Raher v. Raher, 150 Iowa 511.

The notice with which we are here concerned is not even notice by which the adversary party is brought into court. It is notice of the hearing of the claim. Neither the administrator nor the estate is brought into court by the "notice of the hearing." The estate is already in court. The administrator is the officer of the law and of the court conducting the administration pursuant to the provisions of the statute under the court's authority and supervision. In re Harsh's Estate, 207 Iowa 84, 87; In re Estate of Meinert, 204 Iowa 355. The notice that is required is the notice of hearing, not notice of filing. The filing " 'advises the administrator that a claim is made, and he must regulate his disbursements accordingly.' " The court has complete jurisdiction of both claimant and administrator from the

time the claim is filed until formal approval, although no notice of hearing is given. Fritz v. Fritz, 93 Iowa 27, 30, 31.

Under the special statute of limitations, however, claims of the fourth class, such as those in controversy, "not filed and allowed, or if filed and notice thereof, as hereinbefore provided, is not served within 12 months from the giving of the notice (to present claims) aforesaid, will be barred, except as to actions against decedent pending in the district or supreme court at the time of his death, or unless peculiar circumstances entitle the claimant to equitable relief." Section 11972. So far as we are here concerned, therefore, the filing and notice of hearing were required within the 12 months, to toll the running of the statute. We are referred to no statute, principle, or authority which would prevent the attorney from serving a mere notice of hearing or of trial. The administrator's contention would require us not only to extend the disability of a party to the action in the case of service of original notices to the attorneys in the action, but would require us further to extend the disqualification to the service of mere notice of hearing of claims against an estate, with possible consequences as a precedent which cannot be foreseen. See Wilford v. Miller, 1 Morris (Iowa) 405; Hueston v. Ins. Co., 161 Iowa 521, 526; First Nat. Bank of Whitewater v. Estenson, 68 Minn. 28, 70 N. W. 775; Sheehan v. All Persons, 80 Cal. App. 393, 252 Pac. 337; King v. Davis, 137 Fed. 198, 157 Fed. 676; Plano Manufacturing Co. v. Murphy, 16 S. D. 380, 102 Am. St. Reports 692, 92 N. W. 1072.— Writ discharged; Order affirmed.

All Justices concur.