IN RE ASSESSMENT OF THE PROPERTY OF, AND THE SHARES OF STOCK IN, THE SIOUX CITY STOCK YARDS COMPANY.

No. 43498.

324

June 19, 1936.

Milchrist, Schmidt & Marshall, and H. C. Harper, for appellants.

A. W. Johnson, Wright & Baldwin, George S. Wright, Addison G. Kistle, and Paul E. Roadifer, for appellees.

Kintzinger, J.—On June 19, 1935, Woodbury county, acting through its Board of Supervisors, filed a notice of appeal from the action of the local Board of Review in failing to assess the property and shares of stock of the Sioux City Stock Yards Company.

The Board of Review finally adjourned on May 31, 1935. Under Section 7133 of the Code of 1935, the time for appealing from the action of the board expired on June 20, 1935. W. D. Hayes was at that time Mayor of the city of Sioux City and chairman or presiding officer of the local Board of Review of Sioux City for the year 1935. Under section 7133, such appeal must be "taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, *and served as an original notice.*"

The record in this case shows without conflict that the only service made upon W. D. Hayes, who was then Mayor of Sioux City and chairman of the local Board of Review, was a service

made on June 17 and June 18, 1935, upon a sister-in-law of said W. D. Hayes and upon his daughter, both of whom at that time were over fourteen years of age and resided with him at his usual place of residence in the city of Sioux City. The record also shows without conflict that, at the time said alleged service was made, W. D. Hayes was not present in Woodbury county, Iowa.

The chief question presented in this case, therefore, is whether or not the service made in the manner above set out was sufficient to give the court jurisdiction. The lower court held the service good and sustained the jurisdiction. From this ruling, the Sioux City Stock Yards Company appeals. Appellee also contends that the ruling of the lower court is not an appealable order. We will briefly consider the latter question first.

■■■ I. The rule announced in Dorman v. Credit Ref. & Rep. Co., 213 Iowa 1016, 1019, 241 N. W. 436, 438, and many cases referred to therein, is that an appeal directly from the ruling of the lower court without an entry of a final judgment is permissible, where the order appealed from affects the substantial rights of appellant, "or materially affects the final decision." A defense on the merits of the case would require a general appearance. This is not required under the statute relating to a special appearance (C., '35, section 11088). In appealing from an adverse ruling on the issues raised on a special appearance, it is not necessary for appellant to stand upon the special appearance or suffer judgment to be entered against him. Irwin v. Keokuk Sav. Bank, 218 Iowa 470, 472, 254 N. W. 806, 807. In that case this court said:

"If the minor desired to appeal to this court from the ad-·verse ruling of the district court on her special appearance, she, of course, could not appear generally and plead to the merits of the case. State v. Knapp, 178 Iowa 25, 158 N. W. 515; Crouch v. National Livestock Remedy Company, 205 Iowa 51, 217 N. W. 557; Scott v. Price Bros. Company, 207 Iowa 191, 217 N. W. 75."

This question was definitely decided in the case of Irwin v. Keokuk Sav. Bank, supra, and is controlling upon the question raised upon that point here. It necessarily follows that the ruling on a special appearance is an appealable order.

■■■ II. Appellant contends that the court erred in re-

fusing to sustain the special appearance entered by the defendant, Sioux City Stock Yards Company, on their claim that no valid notice of appeal had ever been perfected as provided by section 7133.

Section 7133 of the Code of 1935 provides that:

"Appeals may be taken from the action of the board * * * to the district court * * *, within twenty days after its adjournment. Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the reviewing board, and served as an original notice."

This statute provides for an appeal from the action of the board of review by giving written notice of the appeal "to the chairman or presiding officer of the reviewing board." The statute also provides that the notice of appeal shall be *"served as an original notice."* Three methods of serving original notices are prescribed in section 11060 of the Code of 1935, as follows:

"11060. Method of service. The notice shall be served as follows:

"1. By reading it to the defendant or offering to do so in case he neglects or refuses to hear it read. * * *

"2. If not found within the county of his residence, or if, because of his sickness or other disability, personal service cannot be made upon him, by leaving a copy thereof at his usual place of residence with some member of his family over fourteen years of age, * * *.

"3. By taking an acknowledgment of the service endorsed thereon, dated and signed by the defendant."

Appellant contends that the notice of appeal can only be perfected by serving it personally upon W. D. Hayes, chairman of the Board of Review, and not under the method of serving original notices as prescribed in paragraph 2 of section 11060 of the Code.

The first and third methods pointed out in the foregoing statute could not be followed, because the defendant was not within the county of his residence on the date the alleged service was made. Appellant contends that the provision for substituted service prescribed in paragraph 2 of section 11060 refers only to cases where the party to be served is the defendant, and that

such substituted service is permissible only where the defendant is sued individually.

Appellee contends that under paragraph 2 of the foregoing section, the service made in this case was authorized, because the defendant could not be found within the county of his residence at the time of such service.

In support of their contention, appellants rely chiefly upon the case of Brydolf v. Wolf, Carpenter & Co., 32 Iowa 509. In that case the question presented was whether the service of the original notice upon the wife of one of the members of a partnership was good service upon the partnership.

This court, in that case, said, loc. cit. 510:

"In an action against a partnership, the statute provides, that 'service may be made upon any member of the firm or upon any agent employed in the general management of the business of the partnership.' Rev. 2826. A service upon one partner is good service on the partnership, and gives the court jurisdiction over each member, in an action against the firm. * * * The position of appellant is, that, inasmuch as service may be made upon any member of the partnership, under section 2826, if such member cannot be found in the county of his residence, service may be made on him by leaving a copy with a member of his family under section 2816. This position does not seem to us to be tenable. Section 2815 provides the mode of service where the defendant is sued *individually*; service must be made upon *him*, personally, if found within the county of his residence. If not thus found, service may be made by leaving a copy of the notice at his usual place of residence with some member of his family over fourteen years of age. This is the only * * * statute especially authorizing such secondary * * * service on a member of the defendant's family. Service on a partnership is authorized to be made upon any member of the firm, or upon a general agent of the firm. Each member of a partnership is the general agent of the firm during the continuance of the partnership, and, in view of this, the statute provides that service upon any one of them shall be good as to the firm, or that service upon one not a member of the firm, who is an agent employed in the general management of the business of the partnership, is also good. The wife of a partner is in no sense an agent of the partnership, nor is she her husband's agent in respect to the partnership business,

and the statute makes no provision for service upon any person where a partnership is sued as such, except a member of the partnership or an agent thereof. * * * we therefore hold that the statute, in providing that 'when the action is against a partnership, service may be made upon any member thereof, or upon any agent employed in the general management of their business,' contemplated a personal service upon the persons named, *no other persons or mode being mentioned,* and that the service of the original notice in this case upon the wife of *one of the partners was insufficient.*'' (Italics ours.)

It is true that paragraph 2 of section 11060 does contemplate an action where a defendant is sued individually. Therefore, if there was no provision in section 7133 *as to the method of service* of the notice of appeal upon the chairman of the board of review, we would be controlled by the rule announced in the case of Brydolf v. Wolf, Carpenter & Co., 32 Iowa 509. If, however, the statute authorizing an appeal from an order of the board of review provides for the manner in which the service of the notice of appeal shall be made, we are controlled by the method pointed out by that statute. The case of Inc. Town of Casey v. Hogue, 204 Iowa 3, 7, 214 N. W. 729, 731, illustrates the distinction between statutes which provide for the method of serving the notice and those which do not. In that case this court said:

''The motion of the town to dismiss the appeal raises squarely the question as to whether or not, under this state of facts, a notice of appeal was served, as contemplated by the statute in order to confer jurisdiction upon the director of the budget. The director of the budget has no original jurisdiction in the matter, and could only acquire jurisdiction by proper appeal. The statute provides that the appeal is to be taken 'by serving notice thereof' on the clerk of the municipality. It is to be observed that the direction of the statute is that the notice shall be 'served'. When the statutory requirement is that a notice shall be served, *and there is no further specific direction in the statute* (Italics ours), two things are clearly implied: (1) That the notice shall be in writing; and (2) that it shall be served personally upon the party upon whom service is to be made. It is the general rule that, where a notice is required or authorized by statute in any legal proceedings, it must be in writing.

Moore v. Marshalltown Opera-House Co., 81 Iowa 45, 48, 46 N. W. 750, 751. * * * Also, 'when service is required, it means personal service,' Ellis v. Carpenter, 89 Iowa 521, 56 N. W. 678. The question then arises as to what requirements are necessary, to constitute legal service of a notice of appeal, which must be in writing, and which must be personally served. A notice of appeal is not a writ or summons, and is not process. Gooler v. Eidsness, 18 N. D. 338, 121 N. W. 83. The statutes in respect to appeals from inferior tribunals vary somewhat in their provisions. Three methods, at least, are designated by statute as to the giving of service of a notice of appeal: (1) By pursuing the same manner as the service of original notices; (2) by *filing* the notice with a designated official; and (3) by *serving* the notice on a designated official. A few citations will illustrate.

"Section 12840, Code of 1924, provides that notice of appeal to this court shall be served in the same manner as an original notice in a civil action. In certain instances, appeals from a justice court to the district court are to be by written notice, which 'may be served like the original notice.' Section 10597.

"Appeals from the decisions of township trustees affecting individual drainage rights shall be taken by a notice in writing, 'which notice shall be served in the same manner as is provided for the service of original notices.' Section 7723. * * *

"Appeals from the industrial commissioner are to be had 'by filing in the office of the commissioner a written notice of appeal.' Section 1449.

"Appeals from the action of the board of supervisors in drainage districts are taken by the filing of a notice of appeal with the county auditor. Section 7515.

"Appeals from an order entered by the board of health shall be perfected by serving written notice on the commissioner of public health. Section 2204.

"Appeals from an order establishing a grade may be taken to the district court 'by giving written notice thereof to the mayor.' Section 5959.

"Appeals in certain school proceedings may be taken to the district court 'by serving notice thereof on such secretary.' Section 4138. * * *

"We have not attempted any complete list of the statutes providing for appeals from an inferior body * * *, but the fore-

going illustrate that the legislature has specifically provided for different methods of appeal. Where the statute expressly provides that a notice of appeal *shall be served in the same manner as original notices are served,* the intent of the legislature is clear, definite, and specific. When the statutes provide that the notice of appeal shall be filed with a designated officer, the method to pursue is plain. (Italics ours.) In the instant case, however, there is no provision of statute requiring that the service of notice shall be made in the manner in which original notices are served; nor is it sufficient to file the notice with the clerk. * * * In such instances, the service must be personal upon the town clerk, and 'there is no authority for adopting the substituted service provided for in the service of an original notice in that action.' Ellis v. Carpenter, 89 Iowa 521, 56 N. W. 678.''

A similar rule is announced in State v. Hanson, 201 Iowa 579, loc. cit. 582, 207 N. W. 769, 771, in which this court said:

''The procedure upon the filing of charges is prescribed by Section 2578-a of the 1913 Supplement. This statute requires that a notice containing a statement of the charges and the date and place set for hearing be served personally upon the accused at least twenty days before the time fixed for such hearing. The notice served upon appellant stated that he was accused of gross immoral and unprofessional conduct as a physician * * *. *The statute provides that the notice be served in the same manner as original notices for the commencement of an action.* (Italics ours.) One of the methods provided by statute for serving an original notice is upon a member of the defendant's family over fourteen years of age, at his usual place of residence, if such defendant is not found within the county. * * * The service of the notice in this case, therefore, complied with the statute.''

Likewise in the case at bar, section 7133 provides that appeals from the action of the board of review ''shall be taken by a written notice * * * to the chairman * * * of the reviewing board, *and served as an original notice.*'' One of the methods prescribed by section 11060 for serving an original notice is upon a member of defendant's family over fourteen years of age at his usual place of residence if not found within the county. W. D. Hayes, at the time in question, was the mayor of Sioux City and the chairman and presiding officer of the local

Board of Review. As the statute provides for the service of a notice of appeal upon the chairman of the board, it necessarily follows that such notice be served upon said W. D. Hayes. As the statute provides that the service be made as an original notice, it consequently follows that a service made by any of the methods provided in section 11060 is valid.

The wisdom or advisability of the enactment of such a statute is not within our province; that is a matter for the legislature. "When the statute prescribes a particular mode of service, that mode must be followed. *Ita lex scripta est.* There is no chance to speculate whether some other mode will not answer as well."

We are impelled to hold that the provision of section 7133 authorizes service of the notice of appeal as an original notice in the manner prescribed by section 11060 of the Code. Such was the holding of the learned trial court and we think his conclusion was right.

For the reasons hereinabove set out, the order of the lower court is hereby affirmed.—Affirmed.

DONEGAN, C. J., and ALBERT, MITCHELL, STIGER, PARSONS, HAMILTON, and RICHARDS, JJ., concur.

ANDERSON, J., takes no part.