IN RE ACCUSATION AGAINST JAMES B. RYAN, Appellant.

No. 45077.

NOVEMBER 12, 1940.

REHEARING DENIED FEBRUARY 21, 1941.

Lehan T. Ryan, for appellant.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for State of Iowa.

SAGER, J.—The record before us is meager and does not include the evidence taken. On October 25, 1938, there was filed a motion and accusation for disbarment of appellant. On December 2, 1938, it was ordered that the accused appear and answer before January 4, 1939. The complaint was made by the Grievance Committee of the Polk County Bar Association. The charges were in two divisions and set forth matters which, if true, clearly justified disbarment. On December 30, 1938, Lehan T. Ryan, an attorney (brother of the accused), appeared specially "for the sole and only purpose of questioning the jurisdiction of this court, and to advise the court that it has no jurisdiction at this time, and as grounds therefor states:

"That the order herein is required by law to be served personally, and it is the law of this state that its processes cannot extend beyond its territorial limits, to subject either persons or property to its judicial decisions. * * *

"That as shown by the return of service and the affidavit attached hereto, marked Exhibit 'A', and by this reference made a part hereof, the service of the order of this court was made on James B. Ryan outside of the territorial limits of Iowa, and in the state of Arkansas, and that this court has no jurisdiction at this time."

Attached to this special appearance is the affidavit of appellant's attorney setting forth the accused's claimed physical disability and alleging that the latter was served with the order to appear in the state of Arkansas. Thereafter this court, in accordance with the statutes, assigned three district judges to

hear the matter fixing the time for January 9, 1939, at 11 a. m. Appellant says that no notice of time so fixed was served on him or on his attorney and that the attorney first learned of it shortly before the time set. The abstract of record discloses (somewhat in the nature of argument) that there was some discussion between counsel for appellant and the court as to the manner in which the special appearance should be disposed of. The trial judges were then orally advised that the accused was in a hospital in Hot Springs, Arkansas. With such oral statement was submitted a letter or certificate of a doctor from that city. Its import was that appellant was improving but presently totally disabled. No opinion was expressed therein as to any probable date of recovery. When the court was ready to proceed, the following took place:

"Lehan T. Ryan advised the court that the service of the original order of the Polk County, Iowa, District judges was made on the accused in Hot Springs, Arkansas, and not in the State of Iowa and that the accused was in Hot Springs, Arkansas, solely because of his physical condition.

"The judges stated then that they would go into open court and took the bench in Judge Shankland's court room and the following proceedings were had:

"(Argument on Special Appearance.)

"Judge Cooper: Mr. Reporter take this.

"The Court is of the unanimous opinion that the special appearance should be overruled. A disbarment proceeding is a proceeding *in rem* and not a proceeding *in personam*. It certainly cannot be the law that a member of the bar, holding his office can by leaving the state evade the process of the court or prevent the court from exercising proper discipline when necessary."

Thereupon the accused's attorney made this statement:

"Let the record show that Lehan T. Ryan was only here at the call of the Court for the purpose of arguing the special appearance and that I do not appear here in any way, and have no such authority, and, at this time I am withdrawing from the court room and from the place of the hearing as the accused is

confined to a hospital in Hot Springs, Arkansas, about eight hundred miles from here * * * .''

At this point accused's attorney left the room.

Before leaving, there was made no application, either verbal or in writing, for a continuance; neither was there any offer to answer or otherwise plead; nor was there any suggestion that the charges would be disproven or palliated if opportunity was afforded. Thus the only question before us is whether the court had jurisdiction to enter the judgment of disbarment. We have no hesitation in holding that it had. The position of attorney at law is a singular one burdened with rights and responsibilities not appertaining to any other profession. We said in State v. Kaufmann, 202 Iowa 157, 161, 209 N. W. 417, 418:

''The duty of lawyers to maintain the strictest good faith and integrity under all circumstances, in dealing with clients, and with other members of the bar, and in their relations to the court, is upheld by all canons of ethics and moral considerations.''

This thought has been emphasized in varying terms in uncounted decisions. See 5 Am. Jur., Attorneys at Law, section 6; 7 C. J. S., Attorney and Client, section 4. In Rhode Island Bar Assn. v. Automobile Service Assn., 55 R. I. 122, 139, 179 A. 139, 146, 100 A. L. R. 226, 236, will be found quoted this language of Justice Cardozo, then of the New York Appellate Court:

'' 'Membership in the bar is a privilege burdened with conditions.' Matter of Rouss, supra, 221 N. Y. 81 [84], 116 N. E. 782 [783]. The appellant was received into that ancient fellowship for something more than private gain. He became an officer of the court, and, like the court itself, an instrument or agency to advance the ends of justice.''

And the Rhode Island court in the same opinion, 55 R. I. 122, 139, 179 A. 139, 146, 100 A. L. R. 226, 236, thus speaks for itself:

''The bar is an important element of our judicial system, and all of its members are obligated to govern their professional conduct in full accord with the solemn responsibility which that entails. Under our system of law the most effective guaranty of

equal justice to all in the commonwealth is a competent and learned bar composed of men of high personal character who govern their professional conduct at all times by the well known and generally accepted canons of legal ethics."

As was stated above, when the court overruled this special appearance "Mr. Ryan leaves the court room." It is strange that it could be thought that such a proceeding was of itself sufficient to hinder and limit the powers of the court with such effect that an accused attorney might escape without even offering an excuse for or denial of charges laid against him. Practicing attorneys are in a sense members of the judicial household and may not evade the power of the courts to discipline them by slipping across the state line. We can do no better at this point than to quote the language of the Louisiana court, appearing in the note to In re Craven, 90 A. L. R. 973, at page 979:

"It is not to be tolerated for one moment that an attorney and counselor at law may conduct himself so as apparently to call for his disbarment or suspension and defeat the proceeding, and still remain a member of the bar, though only nominally so, by leaving the state permanently before service of citation is had upon him. The practice of law in this state is not a right, but a privilege, which may be taken away from the person to whom granted for cause. Once the privilege is granted, so long as it continues to exist, the person to whom it is granted, wherever he may be, is subject to the jurisdiction of this court touching his right to continue to exercise the privilege in the state."

Appellant lays much stress on In re Disbarment of DeCaro, 220 Iowa 176, 262 N. W. 132. The charges made in that case in no respect resemble those in the case before us. Appellant argues that disbarment was a punishment too drastic and severe and should be mitigated. The trouble with this is that we have been presented with no facts or circumstances, no excuses or defenses, nor offer to prove any such.

The statute (section 10935, 1939 Code) provides:

"If the accused plead guilty, or fail to answer, the court shall proceed to render such judgment as the case requires."

344

Appellant cites the following of our decisions but we find in none of them any support for appellant's contention: Smith v. Medical Examiners, 140 Iowa 66, 117 N. W. 1116; Raher .v. Raher, 150 Iowa 511, 129 N. W. 494, 35 L. R. A., N. S., 292, Ann. Cas. 1912D, 680; In re Matter of Condon, 166 Iowa 265, 147 N. W. 769; Blachly v. Blachly, 169 Iowa 489, 151 N. W. 447; State v. Kimball, Iowa, 158 N. W. 579; Platt v. Carter, 187 Iowa 777, 174 N. W. 786; In re Guardianship of Baxter, 191 Iowa 407, 182 N. W. 217; State v. Hanson, 201 Iowa 579, 207 N. W. 769; Bennett v. Chicago Lbr. & Coal Co., 201 Iowa 770, 208 N. W. 519; State v. Kaufmann, 202 Iowa 157, 209 N. W. 417; Incorporated Town of Casey v. Hogue, 204 Iowa 3, 214 N. W. 729; Fisher & Van Gilder v. First Tr. J. S. L. Bk., 210 Iowa 531, 231 N. W. 671, 69 A. L. R. 1340; Pendy v. Cole, 211 Iowa 199, 233 N. W. 47; Schroeder v. District Court, 213 Iowa 814, 239 N. W. 806; In re Disbarment of DeCaro, 220 Iowa 176, 262 N. W. 132; In re Assessment of Sioux City Yards, 222 Iowa 323, 268 N. W. 18; Craven v. Bierring, 222 Iowa 613, 269 N. W. 801.

Under the record before us, we are compelled to find that the order of disbarment was right and it should be, and it is, affirmed.—Affirmed.

BLISS, HALE, STIGER, and OLIVER, JJ., concur.

MILLER, J., takes no part.